JOE LAKE AND WIFE v. M. A. COPELAND.

No. 2935.

1. **Will—Construction—Intent.**—A will by its terms clearly expressed the intent to divide the estate devised between the wife and daughter of the testator. The will proceeded to designate specific items of property, real and personal, to each of the devisees, making substantially an equal partition of the estate. The title to one of the tracts of land indicated as given the daughter failed. *Held*, she had a right of action against the widow for contribution for her share of the loss.

2. **Same—Rules of Construction.**—All other rules that aid in the construction of a will are subordinate to that which requires its enforcement according to the intention of the testator that is manifest from the language used, in which such intention is expressed.

APPEAL from Harrison. Tried below before Hon. A. F. WILLIAMS. The opinion states the case.

*T. P. Young*, for appellants.—Where the motive of the testator in making his will, as the writing itself shows, is to divide his estate equally between two heirs, such being the expressed desire, and the division suggested by the will becomes inapplicable by reason of the fact that the title to a portion of the estate which the testator erroneously supposed to be his but which was not, fails after his death, the devisee who thus sustains a loss may look to the interest of his codistributee for reimbursement. Gallagher v. Redmond, 64 Texas, 624; Blanton v. Mayes, 58 Texas, 424; Armorer v. Case, 9 La. Ann., 288; Same Case, 61 Am. Dec., 209; Ruston v. Ruston, 2 Dall., 243; Kennon v. McRoberts, 1 Am. Dec., p. 428.

*F. H. Prendergast*, for appellee.—1. The devise of the Jones lot to Mrs. Lake was a specific devise, and all the other property willed to Mrs. Copeland was by specific devise. 3 Pome. Eq. Jur., sec. 1130, and note.

2. The property devised to Mrs. Copeland being by specific devise, she can not be compelled to make good any part of the loss sustained by Mrs. Lake on account of defective title.

The Court of Appeals of Kentucky, in the case of Pusey v. Wathen, 14 Southwestern Reporter, 419, say: "Previous to the adoption of the Revised Statutes a specific devisee was not entitled to contribution on account of the title of the property devised to him having failed."

The case of Gallagher v. Redmond, 64 Texas, 626, was where the property of one devisee was taken to pay debts.

The Supreme Court of Kentucky say: "There is a well defined distinction in respect to contribution on account of invalid titles to property devised, which the Legislature intended to preserve, but which they intended not to preserve as to contribution on account of payment of the testator's debts." Pusey v. Wathen, 14 S. W. Rep., 419.

Mr. Jarman's twelfth rule for the construction of wills is, that "an express and positive devise can not be controlled by the reason assigned." Mr. Redfield says these rules have acquired in some degree the weight of authority. 1 Redf. on Wills, *425, 449.

In 3 Redfield on Wills, page 369, Lord Hardwick is quoted as saying, that "every devise of land is specific, as no more passes by the will than the testator has at the time;" and Lord Macclesfield said, "every devise of land is a specific legacy, and shall not be broken in upon or made to contribute toward a pecuniary legacy."

FISHER, JUDGE, *Section B.*—This action was brought on the 12th day of November, 1889, in the District Court of Harrison County, by appellants, against the appellee. The object of the suit was to establish and recover an undivided interest of about one-fourteenth in certain real and personal property described in the petition. The right of plaintiffs depended upon a certain construction of the will of W. M. Copeland, who died at Marshall, in September, 1888. Under the will, according to the meaning which was placed on it in the petition, the appellants were entitled to recover. According to the construction urged by appellee, and adopted by the court, the appellants were not entitled to recover. The facts as shown by the allegations of the petition, to which a general demurrer was sustained, are:

Appellee is the widow of said Copeland; Mary W. Lake, wife of Joe Lake, was his only child by his first wife. The decedent Copeland provided in his will:

"2. I desire that all of my property, real, personal, and mixed, shall be divided equally, share and share alike, between my beloved wife Mildred Ann Copeland and my beloved daughter Mary W. Lake, to be divided between them as hereinafter indicated."

There was left an estate of the aggregate value (according to the estimates of will) of $28,849.33. In the paragraph of the will following

the second the testator proceeded to set apart to appellee certain notes amounting to $1451, three stores, $10,500, and homestead $2900, making in all $14,851, and directed as follows:

"4.    When all the notes above mentioned in item 3 of this will are all collected, I desire and direct that there shall be paid out of the proceeds of the same the sum of $426.50 (in order to make an equal division between my wife and daughter) to my daughter Mary W. Lake."

In the sixth paragraph the testator set apart to the daughter various items of property, including the house and lot known as the Jones place, of the aggregate value of $14,329.83.    The next paragraph is:

"7.    I have now in bank the sum of $1052.62, out of which, or out of what portion of that sum that may remain, if any, at my death, I desire that Mrs. Lake, my daughter, be paid the sum of $95, and the balance to be equally divided between my wife and daughter; if at my death none of it remain, then I desire and direct that my wife pay to my daughter said sum of $95."

This sum made the aggregate value of each share equal, excepting a few cents.

The Jones place, which was set apart to Mrs. Lake at a valuation of $2490, as fixed by the will, did not belong to the testator.    There is nothing in the will to show that he thought his title to it was other than perfect; but after his death it failed, and the appellants were evicted, or would have been, and in order to prevent a total loss were compelled, in a compromise, to allow Jones, the owner of the superior title, a life-estate in said property, by which the daughter sustained a loss of $2000. She brought this suit to establish an interest of one-half her loss in the appellee's share.

The court sustained a general demurrer to the petition, to which a copy of the will was attached as an exhibit.    The appellants filed a trial amendment praying in the alternative for a money judgment for $1000 contribution, should the court be of opinion that they had no interest in the property for which they sued.    The court again sustained the demurrer, and appellants declining to amend, judgment was given for appellee.

The sole question, therefore, is whether the testament will admit of a construction which will permit the appellants to recover for the loss which they have sustained in consequence of the failure of the testator's title to the Jones place.

The assignment of error is:    "The court erred in sustaining the general demurrer of defendant Mildred A. Copeland, contained in the answer filed March 10, 1890, and rendering judgment for defendant and against plaintiffs."

The reason of the court in sustaining the demurrer evidently was that it construed the will by its tenor as creating specific devises and lega-

cies, and this loss to the appellant, by reason of failure of title in the Jones place, would not create a right against appellee for a repartition or division of the estate or for contribution. The action of the court in overruling the demurrer is the only question before us. This necessarily involves an inquiry into the terms of the will in order to ascertain if the devises created thereby are general, demonstrative, or specific.

It will be seen by reference to the terms of the will that the testator placed upon each piece of property that he indicated should go to the wife and daughter respectively a valuation fixed by him. Fixing the value upon each piece of property in making such division between his daughter and wife indicates that his purpose and intention was that value should be the primary object in making such division, and not the vesting of absolute title in the thing partitioned. This scheme of partition indicated by the testator in his will shows that it was resorted to simply for the purpose of dividing his estate according to equal values between his daughter and wife, and it was not intended by him in the special mention of the property that should go to each that the devise of the thing mentioned should increase or diminish the share that each of the natural objects of his bounty was equally entitled to under the will. The will in express terms indicates the intention of the testator to equally share his property between his daughter and wife. The valuation fixed by him upon the property that he indicates should go to each lacks a few cents of being equal. We look to all the terms of the will to ascertain the intention of the testator. The ascertainment of this intention is the primary object of inquiry, and when this intention is learned the will must be so construed as to effectuate it. All other rules that aid in the construction of wills are subordinate to that which requires its enforcement according to the intention of the testator that is manifest from the language used in which this intention is expressed.

It is contended by appellants that the apparent intention of the testator from the terms of the will in the setting apart to his daughter and wife of certain specific property simply *indicates* a means of partition of the property that he then regarded as proper in order to reach an equal value in his bequests and devises, and was not intended as specific legacies and devises that would vest in each devisee the absolute title to the thing mentioned; and so contending, insists that the failure of title in the Jones place entitles appellants to a repartition of the property as to contribution from appellee of half the loss sustained. If it be true that the devises created by the will are general or demonstrative, as contradistinguished to specific devises and legacies, then the appellants are entitled to relief.

The books are full of illustrations showing the distinction between general, demonstrative, and specific devises. But we have been un-

able to find any general rule that will in all cases distinguish the difference between such devises. To ascertain if a devise is general, specific, or demonstrative, we go to the terms and conditions of the will to ascertain the intention of the testator in creating the devise. If it is apparent from the terms of the will that the testator gave the specific thing to a certain devisee, then it may be held that such devise is specific; but if it is apparent from all of the terms of the will that the testator in the specific mention of the thing devised did not intend thereby to defeat his expressed intention to equally divide his property between the objects of his bounty, and to so construe such devise to be specific would defeat such purpose, then it can not be safely said that such devise is specific. The courts do not favor specific devises, and when in doubt as to the construction to be placed upon the devises created by the will they are disposed to construe them general or demonstrative, rather than special. 13 Am. and Eng. Encyc. of Law, p. 15.

The testator in executing this will evidently intended to make equal provision for the wife and daughter, and that his estate should be equally divided between them, and that one should not receive more than the other. In executing such intent he undertook to set aside to each certain described property upon which he placed a valuation, evidently having in mind the paramount idea that quantity and value was the controlling motive in making the division, rather than the gift of the thing devised. If the testator intended that the wife and daughter should share equally in his estate according to the value of his property, and in the pursuit of this intent he sets aside to each certain property *indicating* what he believes to be an equal division, and by reason of facts not known to the testator at the time of executing the will the title to the property set aside to either devisee should fail, then to so hold the mention of the property that should go to each to be a specific devise would defeat the express intention of the testator to provide equally for both. Armorer v. Case, 61 Am. Dec., 210 (Same Case, 9 La. Ann., 288); Smith v. Smith, 23 Ga., 22; Gallagher v. Redmond, 64 Texas, 624. That the intention of the testator to provide equally for the wife and daughter is apparent from the terms of the will can not admit of doubt; and when we have the intention so plainly defined and expressed as in this will, it would do violence to the primary rule of construction for us to defeat this intention by holding the legacies and devises mentioned in the will specific.

We think from the apparent intention of the testator that he simply indicated and pointed out the property mentioned in the will as being given to each devisee as simply a convenient mode of payment to the devisee of the amount he intended each to have, and that the devises created by the will ought to be considered demonstrative. If the de-

vise be demonstrative, the devisee will not be disappointed though the fund totally fail. We think the court erred in sustaining the demurrer.

We conclude the case should be reversed.

*Reversed and remanded.*