LOUISE HARDIE CLEVELAND EXECUTRIX, v. LANDER CLEVELAND ET AL.

No. 334.—Decided April 13, 1896.

**1. Will—Construction—Circumstances.**

The intention of the testator, as shown by the language used in the instrument, must govern. This intention must be ascertained by considering the entire instrument, and the language of a single clause of it will not govern what is the evident intention of that language when read in connection with the other provisions. If, when so read, the meaning be doubtful, the attendant circumstances may be considered to throw light upon the matter and enable the court to arrive at what the maker intended by the use of the language under consideration. See example.

**2. Same—Case in Judgment.**

The will under consideration, after specific bequests, continued: "I give to my beloved wife a yearly income of $4,000—to be taken out of my estate by my executors. It is my will, and I so desire, that all my debts be paid by my executors. The rest of my. property, heretofore undisposed of, I give, bequeath and devise to my beloved wife Louise Hardie Cleveland, and Jesse Cleveland, Sidney Cleveland, Oliver Cleveland, Willie Cleveland and Lander Cleveland in equal proportions share and share alike. * * * I hereby appoint my beloved wife Louise Hardie Cleveland and my friend Wm. B. Lockwood executors of my will, and direct that no bond be required of either of them, and I hereby give to my said executors, or either of them, full power to sell, mortgage or exchange any of my property, to re-invest the same for the benefit of my estate so the same may become part thereof." The testator had an estate of about $150,000, mostly unproductive, and the whole bringing an income only sufficient to pay the taxes. The widow was his second wife and had already received eight thousand dollars. The estate was his separate property, having been acquired during a former marriage and half thereof coming to him by will of his first wife, whose children were the other legatees named in his will. Held: That the words "a yearly income" are controlled by the other provisions; and the income ceased with the close of the administration.

ERROR to Court of Civil Appeals for First District, in an appeal from Galveston County.

*Hume & Kleberg,* for plaintiff in error.—In the construction of wills the purpose of all courts is to ascertain and follow the intention of the testator, and to this purpose all other rules of construction must yield. Lake v. Copeland, 82 Texas, 467; Yeatman v. Haney, 79 Texas, 67; McMurry v. Stanley, 69 Texas, 230; Faulk v. Dashiell, 62 Texas, 652.

In the effort to ascertain the intention of the testator the court will look to all parts of the will, and while extrinsic evidence is inadmissible to vary, contradict, add to or take from the will itself, such evidence is admissible with reference to the situation in which the testator was placed, to the state of his family, his property and other circumstances relating to himself individually and to his affairs, to enable the court to discover the meaning attached by the testator to the words used in his will and apply them to the particular facts of the case.   McMurry v. Stanley, 69 Texas, 230; Peet v. Railway, 70 Texas, 527.

Although the absurdity and inconvenience of a devise or bequest is no ground for varying the plain meaning of a will, yet where such meaning is not free from doubt, it is to be sought rather in a rational, consistent and natural, than in an irrational, inconsistent and unnatural purpose.   Faulk v. Dashiell, 62 Texas, 652; 1 Redfield on Wills, 434.

Unless plainly contrary to its terms, a will should not be construed so as to pass the testator's estate to strangers to his blood, and to ignore the claims which children have on parental affection.   Kelley v. Settegast, 68 Texas, 20.

Unless the terms of a will clearly indicate that the intention of the testator was to confine his will to specific portions of his estate and to leave other portions outside of his testamentary disposition, courts will construe the will to embrace and dispose of the testator's entire estate, because no presumption can be indulged that a rational person, who has made up his mind to make his will, would confine himself to only a partial disposition of his worldly estate.   Given v. Hilton, 5 Otto, 591; Schouler on Wills, sec. 490.

*George Mason,* for defendant in error.—The testator had the right to dispose of his property in any manner he chose, that was not forbidden by law; and his choosing to dispose of it in a manner different from what those acquainted with his situation, affairs, family relations, etc., would have considered reasonable, suitable, and consistent with the natural affections he was supposed to entertain, constitutes no ground for hesitating to carry his will into effect, in exact compliance with its provisions, if that be possible, or, if exact compliance be impossible, then in as near compliance with them as is possible, so as to give effect to the objects and intentions of the will.

The will must be construed by reference only to its words; and extraneous matters, "surrounding circumstances," etc., can not lawfully be considered, or even heard, except for the honest purpose, not of testing the supposed reasonableness of the will, but of ascertaining in what sense the testator has used words or expressions, if any there be, which, without

such elucidation, would be of doubtful meaning. Hunt v. White, 24 Texas, 650.

There is not, in fact, a single word or expression in the will about the meaning of which, taken by itself or in connection with other parts of the instrument, there is or can be any doubt candidly ascertained; nor have the plaintiffs in error or the district court pointed out or attempted to point out a single word or expression which requires the consideration of matters dehors the will or "surrounding circumstances," etc., to explain the sense in which the testator intended it to be understood.

BROWN, Associate Justice.—On the third day of February, 1894, Lander, Sidney, Jessie, Oliver and Willie Cleveland filed their petition in the District Court of Galveston County against W. B. Lockhart, executor, and Louise Hardie Cleveland, executrix, of the last will of Charles L. Cleveland, deceased, praying for a construction of the will and a partition of the estate between the plaintiffs and the defendant Louise Hardie Cleveland. Lockhart entered his appearance in the case, but filed no other pleading. Louise Hardie Cleveland, as executrix and in her own right, filed a general demurrer and exceptions to the petition and a general denial, also a special answer claiming that under the will she was entitled to a yearly income of $4000 for life.

On March 28, 1894, the case was tried before the court and the judge filed the following conclusions of fact:

"Charles L. Cleveland died in the City of Houston on February 8, 1892, after an illness of about six weeks. On the 6th of February, A. D. 1892, said decedent made the following will, which was duly probated on the 4th of April, A. D. 1892, in the District Court of Galveston County, Texas, as W. B. Lockhart, one of the executors of the will, was then the judge of the County Court of Galveston County, and disqualified to probate the will:

"COPY OF THE WILL.

"I, C. L. Cleveland, a citizen of Galveston County, do make and declare the following to be my last will and testament, hereby revoking all former wills heretofore by me made.

"I give and devise to my son Willie F. Cleveland, of Georgetown, Texas, all my property situated in Williamson County, Texas.

"I give to my grand-daughter Yrma L. Cleveland, of Brownwood, Texas, all my property situated in Mills County, Texas.

"I give to my beloved wife, Louise Hardie Cleveland, a yearly income of four thousand dollars, to be taken out of my estate by my executors.

"It is my will and I so desire that all my debts be paid by my executors.

"The rest of my property heretofore undisposed of, I give, bequeath and devise to my beloved wife Louise Hardie Cleveland, and Jessie W. Cleveland, Sidney Cleveland, Oliver Cleveland and Willie Cleveland, and Lander Cleveland, of Brownwood, Texas, in equal proportions, share and share alike.

"It is my desire and I so will that the notes held by me against my son Jessie Cleveland be given to him and he be required not to pay the same.

"I hereby appoint my beloved wife, Louise Hardie Cleveland, and my friend William B. Lockhart, of Galveston County, executors of my will, and direct that no bond be required of either of them: and I hereby give to my said executors, or either of them, full power to sell, mortgage or exchange any of my property, to reinvest the same for the benefit of my estate, so the same may become part thereof.

"I desire that no action be taken in any court in the State of Texas, other than the probate and registration of my will.

"Witness my hand at Houston, February 6, 1892.

"C. L. Cleveland.

Witnesses: H. Brashear. H. Hardie Robinson.

"All of the property devised by said decedent was community property of said decedent and his first wife, except two of the tracts of land which was the separate property of decedent's first wife. The said first wife of said decedent willed all of her property to her husband, said Charles L. Cleveland, and she died about the year A. D. 1882, leaving six children by him surviving her, most of whom were then minors but are all now of age, and since her death one of her said children, to-wit: J. Stuart Cleveland, died, leaving a surviving child named Yrma L. Cleveland, a minor. The plaintiffs, Lander Cleveland, Jessie W. Cleveland, Sydney Cleveland, Oliver Cleveland, and Willie Cleveland, are the five surviving children of Charles L. Cleveland by his first wife, their other child, J. Stuart Cleveland, died before his said father and left surviving him a child named Yrma L. Cleveland, all of whom are named in the petition and will.

"Mrs. Louise Hardie Cleveland, one of the defendants, is the second wife of said Charles L. Cleveland, whom he married in the year A. D. 1888, she then being a widow with three male children, all of whom are now over twenty-one years of age. Said Mrs. Louise Hardie Cleveland is now about forty-seven years of age, and never had any child by said Charles L. Cleveland, and she was not possessed of any property, and said Charles L. Cleveland's income was an annual salary of twenty-five hundred dollars, he being judge of the Criminal District Court of Galveston and Harris Counties.

"The yearly rents derived from his property were only enough to pay the taxes on his property, and the property now only yields a revenue sufficient to pay the taxes thereon. The property of deceased consists almost entirely of wild land, and the total value of decedent's estate is about one hundred and forty thousand dollars.

"The will of Charles L. Cleveland was written by Henry Brashear, the clerk of the Criminal District Court of Harris County. Charles L. Cleveland was a kind and affectionate father and attached to his children, and there was no estrangement between them, and he had given to each of

them at different times money and other property of seven or eight thousand dollars value to each.   The executors in paying off the debts of the estate have occasionally given mortgages to raise money with which to pay debts, which are now all practically paid off, and Mrs. Louise Hardie Cleveland has received about eight thousand dollars under the clause of the will giving her a yearly income of four thousand dollars."

In addition to the foregoing facts, the undisputed evidence shows that the deceased was a lawyer of eminent ability, that he was devoted to his wife and children, there was considerable indebtedness against the estate, and that it had been necessary to borrow money and mortgage the property to raise money to pay the debts and the yearly allowance of the widow during the time of the administration.   Most of the personal property which belonged to the estate had been disposed of by the executors and the collectible claims had been collected.   The debts were all paid and the estate was ready for partition unless the will required the payment to Mrs. Cleveland of her allowance during her life.

The property devised to Willie F. Cleveland and to the grand-daughter Yrma L. Cleveland had been delivered to them by the executors.

The District Court entered judgment construing the will to mean that a yearly income of $4000 should be paid to Mrs. Cleveland during the continuance of the administration and ordering the payment of that sum to her for two years and six months beginning on April 4, 1892, the date when the will was probated.   The judgment directed that, after the payment of the allowance to Mrs. Cleveland and the costs of administration, the remainder of the property should be partitioned between Mrs. Cleveland and the plaintiffs equally, share and share alike.

From this judgment Louise Hardie Cleveland appealed to the Court of Civil Appeals for the First District, and that court reversed the judgment of the District Court, holding that the will provided a yearly income to be paid to Mrs. Cleveland for her life, and dismissed the cause.

This writ of error brings the judgment of the Court of Civil Appeals before this court upon the single question—does the will give to Mrs. Cleveland a yearly allowance for her life or only during the continuance of the administration?

The intention of the testator as shown by the language used in the instrument must govern, even if it result in what we might consider unjust or absurd consequences.   This intention must be ascertained by considering the entire instrument, and the language of a single clause of it will not govern what is the evident intention in the use of that language when read in connection with the other provisions.   Lake v. Copeland, 82 Texas, 464; McMurry v. Stanley, 69 Texas, 227; Peet v. Railway, 70 Texas, 526; Faulk v. Dashiell, 62 Texas, 652; Vardeman v. Lawson, 17 Texas, 18.

While it is true that parol testimony is not admissible to vary or contradict the terms of the will or to supply that which has been omitted, yet, if the meaning of the words used, read in connection with other parts of the instrument, be doubtful, the surrounding circumstances may be

considered to throw light upon the matter and enable the court to arrive at what the maker of the instrument intended by the use of the language under consideration. Hunt v. White, 24 Texas, 652. In the case last cited the court said: "It is competent to admit parol evidence, as it is sometimes though not very accurately expressed, to explain a will (or other written instrument) by showing the situation of the testator in relation to persons and things around him, or, as it is often expressed, by proof of the surrounding circumstances, in order that his will may be read in the light of the circumstances in which he was placed at the time of making it. His intent must be ascertained from the meaning of the words in the instrument and from those words alone. But, as he may be supposed to have used language with reference to the situation in which he was placed, to the state of his family, his property, and other circumstances relating to himself individually and to his affairs, the law admits extrinsic evidence of those facts and circumstances to enable the court to discover the meaning attached by the testator to the words used in the will and to apply them to the particular facts in the case. For this purpose every material fact that will enable the court to identify the persons or things mentioned in the instrument is admissible in order to place the court, whose province it is to determine the meaning of the words, as near as may be in the situation of the testator when he used them in making his will. * * * In this way extrinsic evidence may aid in arriving at the intention of the testator by showing in what sense he employed the language used in his will; and for this purpose, that is, to enable the court to understand the meaning of the words in the instrument, parol evidence is admissible; but never for the purpose of proving other language, declaring his meaning, than that which is contained in the instrument itself."

The language, "I give to my beloved wife Louise Hardie Cleveland a yearly income of $4000 to be taken out of my estate by my executors," if not qualified by other provisions of the instrument, might be held to give her an income of that amount for each year during her life. But to arrive at the intent of the testator in using the language quoted, that is, to determine the sense in which he used the words "yearly income," the entire will must be considered, and if it be found to be consistent with its provisions that the wife shall receive the yearly income of $4000 for her life, the judgment of the Court of Civil Appeals must be affirmed. If, on the other hand, it appears from other provisions of the will that it was not the intention to provide for the income during her life, but during the continuance of the administration, then the judgment of the Court of Civil Appeals must be reversed.

The yearly income provided for is to be taken out of the estate by the executors. Under the law, an independent executor would continue in discharge of the duties imposed by the will only so long as the nature of the trust required. No provision is made in this instrument for the continuance of the executors in office beyond the time necessary for the administration of the estate in the ordinary mode, and when the estate was

fully administered the legatees had the right to demand a distribution. If, however, the intention was to create a trust in the executors for the benefit of Mrs. Cleveland during her life, the duration of the executorship would be limited only by the continuance of the trust and would continue so long as it might be necessary in order to execute that trust. 27 Am. & Eng. Enc. Law, 118-119, note 1.

The fact that the continuance of the executorship beyond the ordinary period of administration was not provided for in the will is a circumstance to be considered in construing the clause which it is claimed created the trust for life. If such unusual continuance in office had been anticipated by the testator, it would probably have been expressed in the will.

No provision is made in the will· by which the executors might set apart a portion of the estate out of which the income should be paid or by which they would be enabled to make arrangements for the payment of that sum otherwise than by holding the estate during the continuance of that trust and by taking from the estate in their possession yearly the sum necessary to meet that charge upon it. It is claimed by the defendant in error that this might be done under the power given by the will to the executors to sell, exchange, and reinvest the proceeds of the property, but the purpose of such power is expressed to be "for the benefit of my estate so that the same may become a part thereof." While this power is consistent with the right claimed by Mrs. Cleveland, it is also consistent with the construction which is claimed by plaintiffs in error. It is also urged by the defendant in error that an annuity might be purchased by the executors whereby the yearly income could be provided for, to which several objections are urged with much force; but it is unnecessary to speculate upon the methods which might be adopted by the executors in order to carry out a direction to pay the income yearly during Mrs. Cleveland's life. If the right in favor of the widow to have this allowance during her life exists, the power to raise it would spring out of the duty imposed and the executors would have the power to make provision therefor in such manner as they might deem to the best interests of the estate. The difficulties which suggest themselves may be properly considered in determining whether or not the testator, considering the character of his estate and the situation of his family, intended, by the use of the words employed, to create the right for life as claimed on behalf of the widow and at the same time fail to confer upon his executors in express terms the powers necessary to carry it into effect.

The residuary clause of the will is in these words: "The rest of my property heretofore undisposed of, I give, bequeath and devise to my beloved wife Louise Hardie Cleveland and Jessie W. Cleveland, Sidney Cleveland, Oliver Cleveland, Willie Cleveland and Lander Cleveland, of Brownwood, Texas, in equal proportions, share and share alike." The property previously disposed of by the will was specified in the devises made to Willie F. Cleveland and Yrma Cleveland. The clause of the will quoted directs a distribution of all other property than that previously

disposed of between Mrs. Cleveland and the defendants in error, share and share alike.   This distribution was intended to be made during the life time of the wife, otherwise she could not participate, and if made according to the terms of the will, all of the estate would be disposed of, which would leave nothing in the hands of the executors from which the yearly income could thereafter be taken, nor would it leave anything to be invested to raise that yearly income.   If a portion of the estate from which the yearly income should be derived during the life time of the widow were first set aside, then the residuary clause could not be executed, for the reason that the portion so set apart could not be divided between the widow and the children, share and share alike, because it would not be subject to partition until after her death.   It is apparent that this clause is inconsistent with an intention to continue the executorship beyond the time of the partition provided for and inconsistent with the idea that the widow should receive from the estate to be partitioned a yearly sum so long as she might live.   In this connection it is proper to consider the condition and character of the estate which the testator was then disposing of by his will.   The estate consisted of unproductive lands which yielded no more than sufficient to pay the taxes upon the property.   In order to raise the yearly allowance, the property of the estate must be sold or incumbered (which would finally result in sale), which in the course of a few years would work a destruction of the estate itself.   The testator must have known these facts and it will not be presumed that he provided for a disposition of his estate which would destroy it and render impossible the distribution which he therein directed to be made.

In the case of McMurry v. Stanley, 69 Texas, 230, a will was under investigation by the court, one clause of which, if considered alone, would confer upon the devisee an absolute estate in the property devised; but in a subsequent provision the testator directed that, upon the death of that devisee, he should by his will give the property to other persons therein named, and this court held that the latter provision limited the former so as to make the estate given a life estate, and not absolute as would appear from the terms of the clause which devised the property to him.   The court said:   "In construing the will, all its provisions should be looked to for the purpose of ascertaining what the real intention of the testatrix was, and if this can be ascertained from the language of the instrument then any particular paragraph of the will which, considered alone, would indicate a contrary intent must yield to the intention manifested by the whole instrument."

The property devised by this will was the separate estate of the testator.   It is true that it was the community property of himself and his former wife, the mother of his children, and her interest was given to him by her will.   He had, however, made advancements to his children, which appear to have been about equal to one-half of the estate, and was therefore, in our view of the facts, under no greater obligation to the children than if the estate had been derived from any other source.   The

wife living at the time of his death had children of a former marriage, but they were grown up men and not dependent upon her. The testator had children by his former wife and a grandchild, who were likewise of age, except perhaps the grandchild. These children had been amply provided for by advancements made by the testator during his life. The circumstances and necessities of the wife and children appear to have been much the same and equality in provision would be just. The will evinces the laudable purpose to provide equally for the surviving widow and the children of the testator. To do this the yearly allowance during the administration would probably give to the widow a sum equal to the advancements made to the children, and after the payment of debts and the allowance during administration an equal division of the remaining property between Mrs. Cleveland and the children of the testator would accomplish the purpose of equal distribution. If the construction placed upon the will by the Court of Civil Appeals and contended for by the defendant in error be adopted the wife will receive during her life the sum of $4000 yearly together with an equal share of all other property, if any, and the purpose of equal distribution would be defeated. The bulk of the estate if not all would be appropriated to the benefit of the widow, and after her death her children of a former marriage would share the remainder with the children of the testator.

In case of Lake v. Copeland, the will under consideration contained this provision: "I desire that all of my property, real, personal and mixed, shall be divided equally, share and share alike, between my beloved wife Mildred Ann Copeland and my beloved daughter Mary W. Lake, to be divided between them as hereinafter indicated." The testator then proceeded to set apart to each specific property with the estimated value stated. The title to a part of the property given to the wife Mrs. Lake failed, and the question was before the court whether or not she was entitled to be reimbursed out of the estate and made equal in its distribution with her daughter. It was held by the court that, it appearing from the whole instrument that the object of the testator was to make an equal and just distribution of his estate between his wife and daughter, the clause which set apart specific property to each would be made to yield to the intent derived from the entire instrument, and that the estate would be so divided as to make the distribution equal, thus preserving and effectuating the purpose and intent of the testator in making the instrument.

We conclude from a consideration of the entire instrument, with the circumstances surrounding the testator at the time of his death, the character of the property, and the condition of the family, that it was his intent by the making of his will to provide for the support of his surviving wife during the continuance of the administration, and that, when the estate had been fully administered, what remained should be equally divided, share and share alike, between the surviving widow and the five children named in that clause of the instrument.

The Court of Civil Appeals erred in its construction of the will and in dismissing this case; for which error the judgment of that court is reversed and the judgment of the District Court is affirmed.

*Judgment of Court of Civil Appeals reversed and that of District Court affirmed.*