WHEAT v. HILL et al.

(Circuit Court of Appeals, Fifth Circuit. December 3, 1915. Rehearing Denied January 4, 1916.)

No. 2799.

1. WILLS ☞436—CONSTRUCTION—DESIGNATION OF LEGATEES—WORDS OF RELATIONSHIP.

By item second of a will the testator made a bequest "to each of my relatives and kindred by blood of the first and second degree," and by item third made a different bequest to an uncle, "he to receive nothing under item second hereof." By the civil law there was but one person, a half-sister, who came within the terms of item second, and under the laws of the state, in case of intestacy, she would have inherited the entire estate, while, on the other hand, there were a number of persons, including the uncle mentioned, who were blood relatives of the first and second degrees by the canonical law. *Held*, that the testator evidently had in mind the latter law, and intended that it should govern in ascertaining the legatees.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 947–950; Dec. Dig. ☞436.]

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. WILLS ⊙⊸440—CONSTRUCTION—GENERAL RULES.

The cardinal principle in the construction of wills is to ascertain the intention of the testator from the language of the entire instrument.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 956; Dec. Dig. ⊙⊸ 440.]

Appeal from the District Court of the United States for the Northern District of Texas; Edward R. Meek, Judge.

Suit in equity by Louis C. Hill and others against Ira L. Wheat, administrator of the estate of Edwin R. Jackson, deceased. Decree for complainants, and defendant appeals. Affirmed.

H. E. Jackson, of San Angelo, Tex., and James Cornell and L. J. Wardlaw, both of Sonora, Tex., for appellant.

Rhodes S. Baker, of Dallas, Tex., for appellees.

Before PARDEE and WALKER, Circuit Judges, and SPEER, District Judge.

PER CURIAM. The assignments of error complain of the construction and interpretation of the last will and testament of Edwin R. Jackson, as given by the District Court in the final decree appealed from, in that it is adjudged that the complainants below, appellees here, Louis C. Hill and Hannah Bricker, are relatives and kindred by blood of the first degree of relationship to the testator, Edwin R. Jackson, within the meaning of item second of the said will, and that the complainants Virl Hill and Orpha Hill are relatives and kindred by blood in the second degree of relationship, within the meaning of item third of the said will, and that each of the complainants is entitled, under the will of said Edwin R. Jackson, to the sum of $5,000, to be paid in due course of administration, etc., and, further, that the last paragraph of said decree is erroneous in giving specific directions as to the disposition of the estate of said Edwin R. Jackson, then being administered in the probate court of Sutton county.

[1] The will of the said Edwin R. Jackson provides among other things as follows:

"Item Second. I hereby will, bequeath and devise to each of my relatives and kindred, by blood of the first and second degree, the sum of five thousand dollars ($5,000.00) in cash.

"Item Third. I hereby will, bequeath and devise to my uncle, Charles A. Hill of Nebraska, the sum of five hundred ($500.00) dollars in cash, he to receive nothing under item second hereof.

"Item Fourth. To each of my remaining relatives and kindred by blood, not herein otherwise provided for, who would, under the laws of descent and distribution in Texas, be entitled, in the absence of a will, to any participation in my estate, I hereby will, bequeath and devise the sum of five hundred ($500.00) dollars in cash."

And there are no other provisions in the will which relate in any way to the proper construction of item second. The agreed statement of facts shows that Louis C. Hill and Hannah Bricker were and are respectively brother and sister of the mother of Edwin R. Jackson, and that the plaintiffs Virl Hill and Orpha Hill were and are the

children of the complainant Louis C. Hill, and grandchildren of the maternal grandparents of Edwin R. Jackson.

[2] The main question for our consideration in this case is in regard to the interpretation of the will of Edwin R. Jackson. "The testator's meaning is the great criterion, so far as mere interpretation is concerned. What he intended the courts strain to discover." See Schouler on Wills (5th Ed.) § 462 et seq. And this is the settled law generally in this country. The rule in Texas, declared by the Supreme Court of Texas, is thus given in Cleveland v. Cleveland, 89 Tex. 445, 35 S. W. 145:

"The intention of the testator, as shown by the language used in the instrument, must govern, even if it result in what we might consider unjust or absurd consequences. This intention must be ascertained by considering the entire instrument, and the language of a single clause of it will not govern what is the evident intention in the use of that language when read in connection with the other provisions. Lake v. Copeland, 82 Tex. 464 [17 S. W. 786]; McMurry v. Stanley, 69 Tex. 227 [6 S. W. 412]; Peet v. Railway, 70 Tex. 526 [8 S. W. 203]; Faulk v. Dashiell, 62 Tex. 642 [50 Am. Rep. 542]; Vardeman v. Lawson, 17 Tex. 18."

That the testator included his uncles as devisees within the meaning and intent of item second seems to be very clear indeed by item third, wherein is the devise:

"To my uncle Charles A. Hill of Nebraska the sum of five hundred ($500.00) dollars in cash, he to receive nothing under item second hereof."

There is nothing elsewhere to be found in the will to offset this view. From this it follows, so far as the degree of relatives and kindred is concerned, the testator, if he knew anything at all about such matters, had in view the degrees according to the canonical law under which uncles are related in the first degree and cousins are related within the second degree. A resort to the civil law would not only cut out the uncles, but, so far as the facts in this case are concerned, leave him no relatives whatever embraced within the said first and second degrees, except a half-sister, who would have been his heir under the laws of descent and distribution of Texas, provided he had died intestate.

We have carefully considered and fully appreciate the very able briefs that have been filed on both sides, which seek to determine whether the canon law is a part of the common law prevailing in Texas, or whether in matters of descent and distribution the civil law would be the controlling law; but we conclude from the clear intent of the testator, derived from the will itself, it is unnecessary for us to go further than to find, as we do, in regard to the construction and interpretation of the will, that the judge of the lower court correctly decided.

As to the last paragraph of the decree complained of, we find nothing which, properly and understandingly construed, interferes with the jurisdiction of the probate court of Sutton county, Tex., in the administration of the Jackson estate, further than to make sure and certain that the rights of appellees, as devisees under the will of Edwin R. Jackson, shall be recognized and satisfied.

The decree appealed from is affirmed.