MAHON et al. v. GILLIAM et al. (No. 8249.)

(Court of Civil Appeals of Texas. Dallas. June 28, 1919. Rehearing Denied Oct. 18, 1919.)

1. WILLS ☞470—ALL PROVISIONS CONSIDERED IN DETERMINING INTENT.

All of the provisions of a will should be regarded for the purpose of ascertaining testator's intention.

2. WILLS ☞614(5)—CONSTRUED TO DEVISE LIFE ESTATE REMAINDER TO TESTATOR'S HEIRS.

Where testator by the first clause of his will gave all his real and personal property to his wife, and by the second clause expressed the desire that his granddaughter should have an equal share with all his heirs when the property was divided, the wife took a life estate, and not a fee; the latter clause showing an intention that property should ultimately be divided among testator's heirs.

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Suit by R. A. Gilliam, guardian of the estate of Alice A. Mahon and others, against Mittie Gibson Mahon and others. Judgment for plaintiffs, and defendants appeal. Reversed and rendered.

J. J. Eckford and Lee Richardson, both of Dallas, for appellants.
Cockrell, Gray, McBride & O'Donnell, of Dallas, for appellees.

RAINEY, C. J. Appellants' statement we find practically correct, which is as follows:

"This suit was instituted in the district court of Dallas county, Fourteenth judicial district of Texas, on the 25th day of November, 1918, by appellee, who sued as guardian of the estate of Alice A. Mahon, non compos mentis, and who also sued as executor of the will and estate of Margaret Brickel, a daughter of S. A. Mahon and Alice A. Mahon, who died in the year 1918, leaving a will wherein appellee was made executor, against Mittie Mahon, a minor and granddaughter of the testator by a marriage prior to his marriage to Mrs. Alice A. Mahon, and Mrs. Mittie Gibson Mahon, a widow, the mother of the said Mittie Mahon, appellants herein, and Sidney A. Mahon,

a son of the testator and Mrs. Alice A. Mahon, and his wife, Lyda Thompson Mahon, and Nettie Pauline Mahon, a daughter of testator and Mrs. Alice A. Mahon. The suit was filed for the purpose of construing the will of S. A. Mahon, which is as follows, to wit:

" 'Dallas, Texas, Sept. 23, 1912.

" 'State of Texas, County of Dallas.

" 'Know all men by these presents: That I, S. A. Mahon, of the state of Texas, county of Dallas, have this day executed my last will and testament, being of good sound mind willed to my wife, Alice A. Mahon, of the above state and county, in the event of my death I give and bequeath to my wife, Alice A. Mahon, all my real and personal property and all my interest in the New York Life Insurance Co., all debts to be paid.

" 'Also my granddaughter, Mittie Mahon, to have equal share with all my heirs when the property is divided.

" 'Witness my hand this Sept. 12, 1912.

　　　　　　　　　　　" 'S. A. Mahon.

" 'Witnesses, Nov. 15th, 1912:

" 'G. A. Trumbull.

" 'J. J. Simmons.'

"The said petition sets forth and describes various and sundry lots and parcels of land located in Dallas county, Texas, the community property of said S. A. Mahon and his said wife, Alice A. Mahon, and appellee contends that by said will the said S. A. Mahon's one-half interest therein became vested in the said Alice A. Mahon, and that according to appellee's contention said will vested in the said Alice A. Mahon the entire fee-simple title to all of the estate, real, personal, and mixed, of the said S. A. Mahon, to the exclusion of testator's heirs, and prays that the plaintiff have judgment construing said will, according to said contention, or, if not, then construing said will otherwise as required by law.

"The court appointed J. J. Eckford guardian ad litem of Mittie Mahon, minor. Appellants filed their original answer, in which they interposed a general demurrer, a general denial, and a special answer, which is as follows, to wit:

" 'That the will executed by S. A. Mahon, a copy of which is set out in paragraph No. 2 of plaintiff's said petition, did not by its terms, vest in the said Alice A. Mahon the entire fee-simple title to all of the estate, real, personal, and mixed, of the said S. A. Mahon, but that it was the intention of the said S. A. Mahon to vest in the said Alice A. Mahon a life estate in and to all of the said property of the said S. A. Mahon, or so long as said estate should remain undivided, and to vest in his heirs the remainder of said estate after the termination of the life estate of the said Alice A. Mahon, or when said estate should be divided, and that Mittie Mahon, defendant herein, should have equal share and interest in said remainder estate with the other heirs of the said S. A. Mahon, which testamentary intention is clearly expressed in the last clause of said will. That if, by the last clause of said will, an estate in remainder is not vested in the heirs of the said S. A. Mahon, including Mittie Mahon, defendant herein, then the different clauses of said will are so entirely repugnant as to render the said will invalid, void and of no effect.'

"The case was submitted to the court without the intervention of a jury, and on January 31, 1919, the court rendered and entered a judgment construing said will, in which it was adjudged and decreed that said will vested in the said Alice A. Mahon all the estate, real, personal, and mixed, owned by the said S. A. Mahon at his death, and that Mittie Mahon, minor, and the other parties, children of said S. A. Mahon, took nothing by said will, to which judgment the appellants herein, Mittie Gibson Mahon and Mittie Mahon, and J. J. Eckford, guardian ad litem for Mittie Mahon, minor, then and there in open court excepted, and in open court gave notice of appeal to the Court of Civil Appeals for the Fifth Supreme Judicial District of Texas, at Dallas, and seasonably filed their appeal bond."

We adopt the lower court's finding of facts as follows:

"I. This is an action brought by R. A. Gilliam, as guardian of the estate of Alice A. Mahon, non compos mentis, and suing also as executor of the will and estate of Margaret Mahon Brickel, deceased, to construe the will of S. A. Mahon, who died at Dallas, Texas, November 16, 1912. I find that S. A. Mahon executed the following written will, which was probated in the year 1912 by the probate court of Dallas county, to wit:

" 'Dallas, Texas, Sept. 23, 1912.

" 'State of Texas, County of Dallas.

" 'Know all men by these presents: That I, S. A. Mahon, of the state of Texas, county of Dallas, have this day executed my last will and testament, being of good sound mind, willed to my wife, Alice A. Mahon, of the above state and county, in the event of my death I give and bequeath to my wife, Alice A. Mahon, all my real and personal property and all my interest in the New York Life Insurance Company, all debts to be paid.

" 'Also my granddaughter, Mittie Mahon, to have equal share with all my heirs when property is divided.

" 'Witness my hand this Sept. 12, 1912.

　　　　　　　　　　　" 'S. A. Mahon.

" 'Witnesses, Nov. 15th, 1912:

" 'G. A. Trumbull.

" 'J. J. Simmons.'

"II. That Alice A. Mahon is the surviving widow of the said S. A. Mahon, and for years has been non compos mentis. The plaintiff, R. A. Gilliam, of Dallas, Texas,' is the guardian of her estate under appointment of the county court of Dallas county, Texas.

"III. All the estate left by the said S. A. Mahon at his death was community property of himself and his said wife. Said community property at his death was of the value of approximately $60,000. It consisted chiefly of real estate, and the real estate described in plaintiff's petition was a portion of same.

"IV. At the death of the said S. A. Mahon, his sole heirs, beside his said wife, were the defendant Nettie Pauline Mahon, his daughter; the defendant Sidney A. Mahon, his son; his daughter, Margaret Mahon Brickel; and his granddaughter, the defendant Mittie Mahon, she being the child of a son of the said S. A. Mahon by a former marriage, said son having died years previous to the death of the said S. A. Mahon.

"V. That the said Alice A. Mahon is insane and there is no hope of her recovery. That the said Sidney A. Mahon is the only living son, and the said Nettie Pauline Mahon is the only living daughter of the said S. A. Mahon and Alice A. Mahon.

"VI. That the said Margaret Mahon, prior to the year 1912, married Joseph H. Brickel. She died in the year 1918, and left a will which has been duly probated in the county court of Dallas county, Texas.

"VII. That said Alice A. Mahon, Mittie Mahon, Sidney A. Mahon, and Nettie Pauline Mahon, together with the devisees of the said Margaret Mahon Brickel, are, and were at the filing of this suit, the only persons who are heirs at law of the said S. A. Mahon or in any manner entitled to inherit from him.

"VIII. All parties to the suit are, and were at the filing of this suit, of full age, except the defendant Mittie Mahon. She at the filing of this suit was the age of 18 years, and under the laws of the state of Missouri was sui juris; but, being under the laws of Texas a minor, the court concluded to, and did, appoint J. J. Eckford guardian ad litem to represent her herein."

The sole matter for solution is the correct construction of the will of S. A. Mahon, above set out in full.

[1, 2] It is the settled rule announced by our decision that, in "construing a will, all of its provisions should be regarded for the purpose of ascertaining the intention of the testator, and if any particular paragraph of the will indicates an intent variant from that which is manifest from a consideration of all the other provisions, the general intent thus manifest must prevail." McMurry v. Stanley, 69 Tex. 227, 6 S. W. 412. With this rule in view, the first paragraph of S. A. Mahon's will cannot pass to his surviving wife, Alice, an absolute estate in fee for her sole benefit without nullifying the second paragraph, that makes his grandchild, Mittie Mahon, a beneficiary in his estate. It is clearly manifest from the language of the will that S. A. Mahon desired his granddaughter Mittie Mahon, to share equally with his other heirs in his estate when his property could legally be divided. Said second paragraph of the will reads:

"Also my granddaughter, Mittie Mahon, to have equal share with all my heirs when the property is divided."

This clause of the will places a limitation on the right and power of Mrs. Alice Mahon to hold more than a life estate in the property devised, but shows that he intended that said property, should ultimately be divided among his heirs. The proof shows that he at the time of his death had several children and grandchildren, that his wife is non compos mentis, and that she cannot individually control and manage the property. We think all the circumstances show that said property was eventually to vest in his heirs. To hold otherwise would subvert the true intention of the testator and do an injustice to Mittie Mahon. In support of our views we cite the following authorities: McMurry v. Stanley, supra; Dulin v. Moore, 96 Tex. 135, 70 S. W. 742; Cleveland v. Cleveland, 89 Tex. 445, 35 S. W. 145; Cottrell v. Moreman, 136 S. W. 124; Lake v. Copeland, 82 Tex. 464, 17 S. W. 786—which we think in principle are applicable.

The judgment of the lower court is reversed, and judgment here rendered for appellants.

RASBURY, J., not sitting.