## GOLDSMITH et al. v. MITCHELL.
### No. 8967.

Court of Civil Appeals of Texas.
San Antonio.
Jan. 18, 1933.

Rehearing Denied Feb. 15, 1933.

McCollum Burnett, of San Antonio, for appellants.

Alex F. Cox, of Beeville, for appellee.

SMITH, Justice.

Virginia C. Goodson died on September 10, 1919, leaving a will which had been executed by her on August 30, 1916, and which was duly probated after her death. In her said will the testatrix devised a life estate in all her property, consisting of lands, moneys, and securities, to her two daughters, Florence and Ina Goodson, in equal shares. The will contained these further provisions:

"It is also my will that at the death of my daughter Ina that all of the remainder of the property acquired by her under this will shall go to her children, if she have any living, and in the event she has no children, then it shall go to and vest in fee simple in my nephew, Russell Goldsmith.

"It is also my will that at the death of my daughter Florence that all of the remainder of the property acquired by her under this will shall go to and vest in fee simple in my nephew, Russell Goldsmith. * * *

"The residence or whereabouts of my daughter Ina being at this time unknown to me, it is my express desire and will that my executor, Sam C. Mitchell, shall control and manage the property herein willed to her until such time as she, if living, or, if not living, the person or persons entitled to said property under this will, shall demand that said property be delivered to her, him or them.

"It is also my express desire and will that my said executor, Sam C. Mitchell, shall control and manage the property herein willed to my daughter Florence so long as she may live, and as soon as practicable after my death, that she be placed in the Masonic Home for widows and orphans of Texas, using the income of the property herein willed to her to pay the charges for her care and maintenance in said home, and if said income be found to be insufficient for said purpose, then I hereby authorize and empower my said executor to sell and dispose of any of said property that he may think best, and in the manner he may deem meet and proper, and provide means for her care and maintenance, and to execute, acknowledge and deliver all proper writings, deeds of conveyance and transfers thereof."

In due course following the death of the testatrix, Sam C. Mitchell qualified as independent executor and assumed, and has ever since exercised, control and management of the estate, as provided in the will.

Florence Goodson, one of the devisees, is still living, being an inmate of a hospital at Arlington, Tex., where she is cared for at the expense of the estate in question.

The other devisee, Ina Goodson, disappeared from her home, at Beeville, about the year 1904, at the age of eighteen, and has never returned. Her whereabouts remained a mystery through all the years, although, besides all efforts of her family to locate her, Mr. Mitchell, the executor, advertised extensively for her in Beeville, St. Louis, Los Angeles, and perhaps other newspapers, and through radio broadcasts. She has never been heard of, except through apparently vague rumors, futile gossip, and vain speculation, in which her disappearance was sought to be coupled with the simultaneous disappearance of a young man of the community. But to all intents and purposes she has been dead for twenty-nine years to the small world of her family and the environment and friends and acquaintances of her known life.

In the meantime Executor Mitchell has been managing and conserving the estate, with apparent fidelity, care, and good judgment. He has provided for Florence Goodson, now and for years past a mental invalid. He has provided for her out of the Virginia C. Goodson estate at large; that is to say, out of that estate generally, without charging the outlay to the particular interest therein devised to the said Florence Goodson. In short, he has charged one-half the expense of maintaining Florence Goodson to the estate devised to Ina Goodson, with remainder over to Russell Goldsmith.

Now, this suit was brought by the widow and children of Russell Goldsmith, now deceased, who was the residuary legatee under the will of Virginia C. Goodson, against Sam C. Mitchell, independent executor of said estate. The objects of the suit are to evoke a declaration of the death, without issue, of Ina Goodson; to obtain a construction of the will of Virginia C. Goodson to the effect that Florence Goodson was to be provided for exclusively out of the income or proceeds of that portion of the estate in which a life estate was devised to her, to wit, one-half, leaving a life estate in the remaining one-half to Ina Goodson, with remainder, intact, over to Russell Goldsmith, now deceased, and, as stated in their brief, appellants "ask that they be adjudged to be the owners in fee simple under the will of Virginia C. Goodson, and as the heirs of Russell Goldsmith, deceased, of an outright one-half of the estate of Virginia C. Goodson freed of any interest therein by or on behalf of any other person, and that they be given possession of all that one-half of the personal property belonging to said estate; and said appellants also claim in this suit that they are entitled in the same capacity to all of the other half of the Virginia C. Goodson estate which may remain at the death of Florence Goodson, but that such half of said estate should remain in the control and possession of the executor of Virginia C. Goodson's will, who is appellee herein, until such time of the death of Florence Goodson, appellee appropriating the income from such half of said estate for the support of Florence Goodson; and also, if it should become necessary to appropriate, for the purpose of such support, any portion of the principal of such half of said estate; but that appellee be left in control of all the real estate belonging to the Virginia C. Goodson estate without any present partition of same, but rendering to appellants one-half of the income thereof during the life of Florence Goodson, less proper charges against such half of said estate as are necessary for the proper management and control thereof, leaving appellants entitled to the full possession and control of all that remains of both personal property and real estate of said half of Virginia C. Goodson estate at the time of the death of Florence Goodson."

The Goldsmiths' petition, in which all these matters were set out, was demurred to, both generally and specially, by Mitchell. The trial judge, pressed for a ruling, declined to pass upon the demurrers in limine, but took them under advisement while hearing the case on the merits, in the absence of a jury. After some weeks' consideration, the court not only sustained all the demurrers, general and special, aimed at the plaintiffs' petition, but rendered judgment against the plaintiffs on the merits, in view of full evidence which apparently supported the allegations in the plaintiffs' petition, and which was not sought to be controverted by Mitchell, the defendant executor. The Goldsmiths, appealing, have presented an elaborate and able brief, which appellee has not seen fit to answer. This failure on the part of appellee to pur-

sue the matter into this court and here combat appellants' case amounts, under the circumstances, almost to confession of error.

We are of the opinion that the allegations in appellants' petition presented a good cause of action against both the general, as well as most of the special, demurrers urged against them. As a matter of practice the ruling of the court sustaining the demurrers at the conclusion of the trial was nullified by the contemporaneous judgment of the court on the merits, and this appeal must therefore be disposed of as if no demurrers were interposed or sustained below. Gay v. Pemberton (Tex. Civ. App.) 44 S. W. 400; Kneale & Watkins v. Thornton (Tex. Civ. App.) 88 S. W. 298.

We are of the opinion that appellants proved the death of Ina Goodson, through presumption based upon her long and unexplained absence, as provided in article 5541, R. S. 1925, as follows: "Any person absenting himself for seven years successively shall be presumed to be dead, unless proof be made that he was alive within that time."

We are of the opinion further, that as the record shows that eighteen-year-old Ina Goodson was unmarried at the time of her disappearance, the presumption obtains that she continued in that status throughout her life, and died therein, and that therefore she died without issue. Wells v. Margraves (Tex. Civ. App.) 164 S. W. 881 (writ refused).

So is it probable, if not obvious, from the language of the will in question, that Florence Goodson should be cared for out of one half of the estate, and that no part of the expense thereof should be charged to that half of the estate in which a life estate was devised to Ina Goodson. Therefore, appellants, as residuary legatees after the proven death of Ina Goodson, without issue, may justly complain of the action of appellee in taking any part of those expenses out of the Ina Goodson portion of the estate, and may require an accounting of him.

Appellants did not implead Florence Goodson as a party defendant in the suit, and the trial court sustained a special exception directed at that omission, holding that Florence Goodson, being one of the two legatees, was a necessary party to the action. Appellants complain of this ruling, asserting that administration of the estate had progressed to a point where the presence of the executor only was necessary to a proper adjudication of the matters involved. The question is not without its difficulties, but we have concluded that Florence Goodson should have been impleaded, as held by the trial court.

The demands of appellants require a construction of the will in some of its aspects, which consideration, alone, would require Florence Goodson's presence in the suit.

Appellants' demands also require a division of the personal property belonging to the estate, or the income therefrom, between appellants upon one hand and Florence Goodson upon the other. The personalty consists of moneys, notes, Liberty bonds, and the like. Appellants' demands require an adjudication of the estate the several legatees have in those assets, and an equitable division thereof between the two sets of legatees. Appellants' demands further require a determination of the question of the apportionment, between the shares claimed by the legatees, of the disbursements made by the executor in the course of his administration. All these questions directly affect Florence Goodson and her interest in the estate, and the executor has the right to demand her presence at their adjudication, so that she as well as appellants may be bound by such adjudication, that he may safely proceed in due course to distribute the estate in accordance with the intention of testatrix as expressed in her will and as judicially ascertained by the courts when brought into question, as in this case. Alexander v. Berkman (Tex. Civ. App.) 3 S.W.(2d) 864, 871 (writ refused). As was said by Chief Justice Gallagher in the cited case: "He [the executor] is not required to decide conflicting claims at his peril, but has a right to have such claims adjudicated in an action to which all claimants are made parties, so that all of them may be bound by such adjudication. He is not required, and should not be required to litigate such issues with a garnishing creditor in one suit, and with the legatees and other claimants of the funds in his hands in another suit. He has a right to have all parties interested bound by a common finding of fact."

But the omission of Florence Goodson as a party defendant was a matter that could and should have been remedied in the trial court. Had the trial court sustained the exception to appellants' petition on that account, and then and there allowed appellants an opportunity to amend and implead the said Florence Goodson, it will be presumed that appellants would have cured the omission by that means. But, since the court elected to render judgment on the merits and thus inferentially hold that appellants had asserted a good cause of action, we think justice requires that the judgment be reversed, and the cause remanded in order that appellants may yet have their full day in court.

Reversed and remanded.