GOLDSMITH et al. v. MITCHELL et al.

No. 9732.

Court of Civil Appeals of Texas. San Antonio.

June 24, 1936.

Rehearing Denied Aug. 12, 1936.

James McCollum Burnett, of Dallas, and McCollum Burnett, of San Antonio, for appellants.

Alex F. Cox, of Beeville, and Hal Browne, of San Antonio, for appellees.

BOBBITT, Justice.

This is the second appeal of this cause to this court. As shown in 57 S.W.(2d) 188, 189, through an opinion of this court by Justice Smith, the cause was remanded for a new trial for the sole reason that one of the present appellees herein, Florence Goodson, was not made a party on the former trial. She was duly made a party defendant to this case, which was tried in the district court of Bee county, and judgment was rendered against appellants, plaintiffs in the lower court, on December 27, 1934. The cause was tried without a jury. With the exception of Florence Goodson, the parties to this appeal are the same as on the former trial and appeal.

With one exception (hereinafter discussed), the issues on the former appeal and the facts before the trial court and on this appeal are identical. We here refer to the opinion of this court as above cited for a statement of facts and issues here again presented. The case is there fully and clearly stated. The questions of law there and here raised were correctly decided. Goldsmith et al. v. Mitchell, Executor (Tex.Civ.App.) 57 S.W.(2d) 188, 189.

The one issue herein presented, which was not submitted and disposed of on the former appeal, is the proposition asserted by appellee that, the lower court having found that Ina Goodson had been absent and unheard of for a period in excess of seven years before the will in question was executed by the testatrix and mother, Virginia C. Goodson, she was at that time presumptively dead, and that provision of the will giving her a life estate in one-half of the property was therefore void, and that the property contained in such attempted bequest must pass by inheritance to the only other heirs at law of testatrix, Florence Goodson. We overrule this contention.

It is clear from the very terms of the will just how the testatrix desired and provided that her property pass upon her death. The testatrix intended that her two daughters should have only a life estate in the one-half of her property willed to each, respectively. She intended and provided that her nephew, Russell Goldsmith, should have the remainder in each instance. The will is clear as to the true intention and desire of the testatrix, and such intention and disposition, if not contrary to law, should prevail. Bittner et al. v. Bittner et al. (Tex.Com.App.) 45 S.W.(2d) 148; Lockett et al. v. Wood et al. (Tex.Civ. App.) 84 S.W.(2d) 798; Laval v. Staffel, 64 Tex. 370; Gallagher v. Redmond, 64 Tex. 622; Brooks et al. v. Evetts et al., 33 Tex. 732; Philleo v. Holliday et al., 24 Tex. 38; Hughes v. Mulanax, 105 Tex. 576, 153 S.W. 299; Cleveland et al. v. Cleveland et al., 89 Tex. 445, 35 S.W. 145;

Lake et al. v. Copeland, 82 Tex. 464, 17 S.W. 786; Wallace et al. v. First Nat'l Bank of Paris, 120 Tex. 92, 35 S.W.(2d) 1036.

Ina Goodson having left her place of residence while a single woman and never having since been heard from for a period in excess of seven years, is presumed to be dead and to have died intestate. Under such circumstances · and under the terms of the will of her mother, the one-half interest in the property devised to Ina Goodson with remainder to the nephew, Russell Goldsmith, passed to said Russell Goldsmith or his legal heirs in fee simple. Goldsmith et al. v. Mitchell, supra.

We have carefully reviewed the entire record before us in this case and have reached the conclusion that it is our duty to reverse the judgment of the trial court and here render the judgment which on the record and under the law should have been rendered by the court below.

Appellants M. M. Barrier and W. B. Callender are formal parties to this cause, being husbands of the legal heirs of Russell Goldsmith. The remaining appellants herein, Mrs. Cora Lee Barrier, Claude W. Goldsmith, Russell T. Goldsmith, and Mrs. Ellen Callender, are the legal heirs of Russell Goldsmith, deceased, and as such are entitled to and are awarded judgment in this cause as follows:

(a) Said appellants are the owners in fee-simple title to all that one-half of Virginia C. Goodson's estate devised by her for life to Ina Goodson, and also they are owners in fee simple to all of that one-half of Virginia C. Goodson's estate devised to Florence Goodson for life, which may be in existence upon the death of said Florence Goodson; said property in both such instances consisting of the cash, personal property, notes, and real estate, as shown in the list thereof furnished by appellee herein, Sam C. Mitchell, as executor of the estate of Virginia C. Goodson, deceased.

(b) Sam C. Mitchell, as independent executor of the will and estate of Virginia C. Goodson, deceased, is required to charge the expenses of the care and maintenance of Florence Goodson to. that particular one-half of Virginia C. Goodson's estate devised to Florence Goodson for life, and no part of said expenses for Florence C. Goodson shall be charged against nor taken from that one-half of Virginia C. Goodson's estate devised to Ina Goodson for life.

(c) All of the personal property belonging to the estate of Virginia C. Goodson, deceased, shall be divided into two equal parts and one-half thereof be now delivered by appellee, executor, to appellants; and said executor shall now, forthwith, pay over to said appellants the sum of $2,284.-78 admitted by him to have heretofore been paid out for the support of Florence Goodson and heretofore charged against that one-half of Virginia C. Goodson's estate devised to Ina Goodson for life; said amount being the sum which the executor admits he has heretofore paid for the account of Florence Goodson out of the one-half of the estate devised to Ina Goodson for life, up to August 5, 1930. Said executor is further required to account and pay over in like manner to the appellants one-half of any other and further disbursements made by him since August 5, 1930, for the support and maintenance of Florence Goodson, and which have been charged to the estate of Virginia C. Goodson, deceased, and charged to that one-half of said estate devised to Ina Goodson for life.

(d) The appellee, executor, is authorized to continue the control and management of all the real estate belonging to the estate of Virginia C. Goodson, deceased, during the lifetime of Florence Goodson and pay over to appellants herein one-half of the net income from said real estate, less only the reasonable and proper expenses incurred in the control and management of the same; and on the death of Florence Goodson all of the real estate belonging to the estate of Virginia C. Goodson, deceased, as well as all the personal property and other property of every kind and character belonging to that half of the estate of Virginia C. Goodson, deceased, devised by her for life to Florence Goodson, shall by said appellee, executor, be turned over and delivered to the possession and control of the appellants herein, their heirs or assigns.

(e) The said appellee, executor, shall not be required to account for or pay over to said estate of said Virginia C. Goodson, deceased, the sum of $50 shown to have been expended by him for attorney's fees in connection with this suit, or the items paid for·commissions on loans, and cash of said estate on hand, at different times, as specified in the pleadings of appellants or for any disbursements made by him prior to September 20, 1922, from the estate of Virginia C. Goodson, deceased, for the

support and maintenance of Florence Goodson; each and all of said items having been by the appellants herein expressly waived in writing and judgment for all such items is here awarded in favor of appellee,˙ executor.

(f) All costs herein, both in this court and in the trial court, are adjudged against appellee.

For the reasons stated, judgment of the trial court should be reversed and rendered, and it is so ordered.

Reversed and rendered.