McMORRAN v. FITZGERALD.[1]

NUISANCE—INJUNCTION.

The operation of a machine shop devoted to boat repairing, situated in a neighborhood otherwise given up to costly residences, and erected, in the face of protests, after the character of the locality as a residence district had been established,

| | |
|---|---|
| 106 | 649 |
| s 109 | 589 |
| '106 | 649 |
| 126 | 288 |
| 106 | 649 |
| 156 | 389 |

[1] Rehearing denied December 17, 1895.

will be enjoined as a nuisance, where smoke, soot, and disagreeable odors therefrom, and from the boats coming thereto for repairs, penetrate the adjacent houses, rendering them uncomfortable and unwholesome.

Appeal from St. Clair; Eldredge, J., presiding. Submitted June 18, 1895. Decided October 8, 1895.

Bill by Henry McMorran and John E. Botsford against James H. Fitzgerald and others to abate a nuisance. From a decree for complainants, defendants appeal. Affirmed.

*Atkinson & Wolcott,* for complainants:

Upon the facts of the case, a perpetual injunction was properly granted. 1 High, Inj. § 772 *et seq.; Norris* v. *Hill,* 1 Mich. 202; *Robinson* v. *Baugh,* 31 Mich. 290; *Edwards* v. *Mining Co.,* 38 Mich. 46; *Burke* v. *Smith,* 69 Mich. 380; *Flaherty* v. *Moran,* 81 Mich. 52; *People* v. *White Lead Works,* 82 Mich. 471; *Ross* v. *Butler,* 19 N. J. Eq. 294; *Cleveland* v. *Gas Light Co.,* 20 N. J. Eq. 201; *Duncan* v. *Hayes,* 22 N. J. Eq. 25; *Demarest* v. *Hardham,* 34 N. J. Eq. 474; *Brady* v. *Weeks,* 3 Barb. 157; *Hutchins* v. *Smith,* 63 Barb. 251; *Fish* v. *Dodge,* 4 Denio, 315; *Peck* v. *Elder,* 3 Sandf. 126; *Howard* v. *Lee,* Id. 281; *Catlin* v. *Valentine,* 9 Paige, 575; *McKeon* v. *See,* 51 N. Y. 300; *Campbell* v. *Seaman,* 63 N. Y. 568; *Bigelow* v. *Bridge Co.,* 14 Conn. 565; *Frink* v. *Lawrence,* 20 Conn. 117; *Whitney* v. *Bartholomew,* 21 Conn. 213; *Bishop* v. *Banks,* 33 Conn. 121; *Hurlbut* v. *McKone,* 55 Conn. 31; *Barnes* v. *City of Racine,* 4 Wis. 454; *Pennoyer* v. *Allen,* 56 Wis. 502; *Snyder* v. *Cabell,* 29 W. Va. 48; *Norcross* v. *Thoms,* 51 Me. 503; *Shiras* v. *Olinger,* 50 Iowa, 571; *Bushnell* v. *Robeson,* 62 Iowa, 540; *Fuselier* v. *Spalding,* 2 La. Ann. 773; *Owen* v. *Phillips,* 73 Ind. 284; *Reichert* v. *Geers,* 98 Ind. 73; *Adams* v. *Car Co.,* 131 Ind. 375; *Coker* v. *Birge,* 9 Ga. 425, 10 Ga. 336; *Cooper* v. *Randall,* 53 Ill. 24; *Fogarty* v. *Brick Co.,* 50 Kan. 478; *Appeal of Ladies' Decorative Art Club,* 13 Atl. 537; *Wier's Appeal,* 74 Pa. St. 230; *Adams* v. *Michael,* 38 Md. 123; *Dittman* v. *Repp,* 50 Md. 516; *Fertilizer Co.* v. *Malone,* 73 Md. 268; *Tuebner* v. *Railroad Co.,* 66 Cal. 173; *Tipping* v. *Smelting Co.,* 4 Best & S. 608; *Smelting Co.* v. *Tipping,* 11 H. L. Cas. 642; *Walter* v. *Selfe,* 4 Eng. L. & Eq. 20; *Crump* v. *Lambert,* L. R. 3 Eq. 409; *Sturges* v. *Bridgman,* 11 Ch.

Div. 852; *Scott* v. *Firth*, 10 L. T. N. S. 240; *Roskell* v. *Whitworth*, 19 Wkly. Rep. 804; *Robertson* v. *Campbell*, 13 Fac. Col. 61; *White* v. *Cohen*, 1 Drew, 313.

*Chadwick & McIlwain*, for defendants:

The testimony of complainants, if undisputed, would not justify the destruction of defendants' business, since by its proper regulation the annoyances complained of could be avoided. *Gilbert* v. *Showerman*, 23 Mich. 448; *Robinson* v. *Baugh*, 31 Mich. 290; *Edwards* v. *Mining Co.*, 38 Mich. 46; *Cobb* v. *Slimmer*, 45 Mich 176; *Ronayne* v. *Loranger*, 66 Mich. 373; *Turner* v. *Hart*, 71 Mich. 129; *People* v. *White Lead Works*, 82 Mich. 471; *Ballentine* v. *Webb*, 84 Mich. 38.

Hooker, J. The defendants are the owners of a machine and blacksmith shop, devoted to boat repairing, situate upon the St. Clair river at Port Huron, in a neighborhood otherwise devoted to residences. The buildings in the immediate vicinity are among the finest and most costly in the city, and are correspondingly furnished. The circuit judge found that the locality was especially adapted to the purpose of residences of this character, and had been exclusively so used for many years prior to the erection of the defendants' shop, and that this fact was plainly apparent to the casual observer at the time the shop was built. He further found that this shop, and boats which it called to the locality for repairs, emitted from their several smokestacks smoke, laden with cinders, soot, and disagreeable odors, which penetrated the houses, rendering them unclean, uncomfortable, and to a material extent unwholesome, and that it had to a material degree destroyed the comfortable, peaceful, and quiet occupation of the complainants' homesteads, which, if continued, would be irreparable; and he rendered a decree granting the prayer of the bill, to the extent of enjoining the use of the defendants' premises for the purposes to which they are now devoted. This was upon the proposition that relief by injunction should be granted where the business complained of

produces what is offensive to the senses, and renders the enjoyment of life and property uncomfortable.

Injunctions restraining the use of property in accordance with the owner's interests should be cautiously granted. As a rule, the owner may make such use of his premises as his business or taste may dictate, and the only limitation upon his right is that he must so use his property as not to cause injury to the property or rights of those owning property in the vicinity. There should not be a technical or fanciful interpretation of this rule. It must always be applied in the light of the circumstances; and uses of property which might be improper in one locality may be proper in another. Thus a slaughter-house might be protected in a place remote from residences or places of business, though the land of an adjoining proprietor should not be free from noxious odors arising therefrom. But in a populous district, or in case that the adjoining proprietor should choose to erect a residence upon his premises, the slaughter-house would be or might become a nuisance. Smoke and noise which are common in cities would be intolerable in rural or suburban districts, and, as such, might be excluded by the law. As long as the smoke and tumult are confined to portions of a city which are principally devoted to such business, little difficulty arises, and, though theoretically a resident of such locality may have the same rights to immunity from discomfort, usually his personal interest in the increase of values which results from occupation for business purposes satisfies him. But when one invades a suburban district with an offensive and noisy business, which from its nature is injurious to those having homes in the vicinity, merely because he can purchase land cheap, or because the location has peculiar advantages for his purpose, he takes the risk of being compelled to compensate the injured neighbors, or perhaps desist from the offensive use of the property.

An inspection of the evidence satisfies us that, from the standpoint of most any one who would be likely to

occupy the residences of these complainants, the conduct of the defendants' business would be annoying and offensive in the extreme. There is ample evidence of tangible injury to the property by smoke and soot, and of unpleasant odors and noises, which would make life uncomfortable. The extent of this varies with the wind and the season of the year, but it is nevertheless a substantial invasion of complainants' rights. There is little in the case to excuse it, beyond the proposition, which, so far as practicable, should be maintained, that one should be permitted to do as he will with his own property. As stated before, the situation was apparent before the defendants purchased the premises for the purpose of erecting their shop, and before its erection they were cautioned, and were offered a large sum to abandon the project; but they insisted. Further earnest of complainants' sincerity was given by the commencement of a suit to restrain the operation of this plant. But the defendants persisted, and could look at the matter only from the standpoint of business, to which all other interests should yield,—a sentiment which is not uncommon, but one which the law does not sanction. Our opinions of the evidence accord with those of the circuit judge, and the authorities fully sustain his legal conclusion that, within reasonable limits, a man is entitled to freedom from smoke, soot, noise, and noxious odors in his home, taking into consideration the character of the locality and pre-existing conditions. Authorities are numerous in support of this doctrine. A discussion of the subject will be found in Wood, Nuis., chap. 15, where authorities are cited. See, also, in addition to cases cited in the briefs of counsel, *Gaunt* v. *Fynney*, 8 Ch. App. 8; *Ball* v. *Ray*, Id. 467, and a note to this case found in 6 Eng. R. 440.

We think that the decree of the circuit court should be affirmed.

McGRATH, C. J., and MONTGOMERY, J., concurred. LONG and GRANT, JJ., did not sit.