S. PERCIVAL, Appellee, v. IDA H. YOUSLING, Appellant.

Nuisance: ABATEMENT OF.  The fact that a nuisance may also affect 1    others in the vicinity injuriously will not affect the plaintiff's right to maintain a suit to abate the same, under Code, section 4302.

Nuisance:   EVIDENCE.    Evidence that defendant maintained a 2    dumping ground for garbage, manure and other refuse, near

plaintiff's dwelling, causing a stench and that there had been several cases of fever in plaintiff's family during the time same was maintained is considered, and held sufficient to support a finding that the place was a nuisance.

**Approval of Record.** The fact that the record of a case is not approved until the succeeding term is not prejudicial error.

**Reopening Case.** A ruling reopening a case for further testimony will not be disturbed in the absence of a showing of abuse of the court's discretionary power.

*Appeal from Ida District Court.*—HON. S. M. ELWOOD, Judge.

MONDAY, MAY 18, 1903.

THE opinion states the case.—*Affirmed.*

*Macomber & Bradshaw* for appellant.

*Hastings & Brasted* for appellee.

WEAVER, J.—Plaintiff alleges that certain lots owned by defendant in the vicinity of plaintiff's residence in the town of Ida Grove are used as a dumping ground or place of deposit for garbage and other refuse and decaying matter, creating a nuisance to the injury of plaintiff and others, and he. asks that its maintenance be enjoined. Defendant denies the allegations of the petition. There was a trial to the court and finding in plaintiff's favor.

The evidence tends to show that defendant has deposited, or allowed others to deposit, in a gully or ravine on lots owned by her, considerable quantities of refuse, more particularly stable manure; that it was the source of more or less complaint in the community; that the town authorities had at one time interfered, and ordered the offensive material covered with earth; and that some effort had been made to comply with this order, but the covering was incomplete. Several expert witnesses testified that the condition of the premises was unsanitary, one

physician describing it as a "menace to the community, and a breeding place for malarial and intermittent fevers"; though others, while conceding its unsanitary condition, thought it a source of no special public danger. After the parties had once rested their case, it was reopened upon application of the plaintiff, who further testified that the stench from the material dumped upon these lots was such that at times in warm weather he was compelled to keep the windows of his residence closed, and that there were several cases of fever in his family during the existence of the alleged nuisance. There was more or less conflict in testimony upon all these points, but the preponderance tends to sustain the finding of the trial court.

It is somewhat doubtful whether there is any such showing of an entry of judgment as will sustain an appeal The so-called "judgment" quoted in the abstract is simply the memorandum made by the trial judge in his calendar. Ordinarily, this would require a dismissal of the appeal (see *Kennedy v. Bank*, 119 Iowa, 123, and cases there cited); but counsel, in argument, appear to concede that the judge's entry was carried by the clerk into the record, and approved at the next succeeding term of the court, and, as no objection is raised by the appellee to the sufficiency of the showing, we proceed to an examination of the questions submitted.

I.   Appellant insists that there was no evidence of any damage or injury to plaintiff which was not suffered by him in common with the entire community, and he is, therefor, not entitled to maintain the action. This view ignores much of the evidence offered. Plaintiff's residence was within a short distance of the dumping ground. If the conditions prevailing upon such ground were of a nature to render it unsanitary, taint the air, and promote disease and discomfort among those living in that neighborhood, the plaintiff's right to sue is clear, even though there be others who suffer like

1. NUISANCE; abatement of.

injury.    Such conditions would certainly tend to "essentially interfere with the comfortable enjoyment of his life and property."    Code, section 4302.

.It is objected, however, that the evidence does not show such conditions; that the manure, being in a ravine, and partially covered, was not in view of plaintiff's resi-

2. NUISANCE:
    evidence.

dence, and therefore his "delicate taste was in no way disturbed through the eye" by the acts of the defendant; and that, while physicians testified "that germs of malaria might have been in some mysterious manner carried over three hundered feet in the arms of a summer breeze and landed in the blood of plaintiff's children," appellant nevertheless declares this testimony to be unscientific, and therefore unworthy of consideration. He says: "Dr. Moorehead did testify that it was impossible for malaria to be transmitted to the human family except by the bites of mosquitoes and other insects. I cannot believe that the Supreme Court of my state will refuse to hold that it is now the established truth that malaria can only be carried to the human family by the bites of insects." The argument is not entirely convincing. The fact that the foul material upon defendant's premises was not in a place to offend the plaintiff's eye is not a sufficient answer to the complaint if the noxious influence and effects arising therefrom were a source of inconvenience, discomfort, or danger to the plaintiff and his family, and the evidence tends to disclose such a condition of things. The history of disease germs; their origin, their methods of locomotion, and attack upon the human body; whether they make their insidious approach through the water we drink, the food we eat, the air we breathe, or are inserted hypodermically by mosquitoes— cannot be considered so fully and clearly settled by specialists that we may, as a matter of law, hold any one of these theories true and all others false. But, even if the theory of transmission by mosquitoes be correct, it does

not follow that filth upon defendant's lot would be any the less a nuisance or source of danger to the plaintiff. Indeed, if the disease-breeding material existed there, as the testimony of the physicians indicates, the very fact that these insects were carriers of such poison would seem to make the danger to persons living in the neighborhood more imminent. It is said to be but about three hundred feet from the alleged nuisance to the residence of plaintiff, and we think it has never been demonstrated that a flight of this short distance is sufficient to render the mosquito innocuous.

II. We are also asked to reverse the judgment below because the record entry by the clerk was not made—or, rather, if we fully understand counsel, the record was not signed and approved by the court—until the next term after the entry in the 'judge's calendar. This does not constitute prejudicial error. *Vanfleet v. Phillips*, 11 Iowa, 558.

3. APPROVAL of record.

We may also say of the reopening of the case for the reception of further evidence, of which complaint is made, that such orders are peculiarly within the discretion of the trial court, and there is nothing in this record from which we can say that the discretion was abused.

4. REOPENING case.

The judgment of the district court is AFFIRMED.