## W. M. RHOADES, Appellant, v. ED. COOK, Appellee.

**Nuisance:** INJUNCTION. Slaughtering animals and rendering tallow in a meat market located in the heart of a city, from which offensive odors are emitted, constitutes a nuisance which equity will enjoin.

*Appeal from Jasper District Court.*—HON. JOHN F. SCOTT, Judge.

FRIDAY, JANUARY 22, 1904.

SUIT in equity to enjoin the maintenance and continuance of a nuisance. From a decree dismissing plaintiff's petition, he appeals.—*Reversed.*

*W. O. McElroy* and *Harrah & Myers* for appellant.

*Ralph F. Graham* and *H. C. Korf* for appellee.

DEEMER, C. J.—Plaintiff and defendant own and occupy adjoining lots on the public square in the city of Newton. Plaintiff deals in wall paper, pictures, and art works of various kinds, while defendant conducts a meat market and butcher shop. Defendant's building is west of plaintiff's, and its location may account for a conflict which appears in the evidence. But however this may be, there is no doubt, under the evidence, that defendant has occasionally slaughtered young animals in the rear rooms of his building, and that he at least twice a week renders lard and tallow in this room. There is also evidence of the presence of tainted and spoiled meats in the building. There is no doubt of the presence of noxious and offensive smells from defendant's building, especially on the days when he converts his back room into a rendering establishment. A slaughterhouse in a city or public place, or where numerous persons reside, is *prima facie* a nuisance. *Bushnell v. Robeson,* 62 Iowa, 544. And we think the same rule should apply to melting or rendering establishments. *Peck v. Elder,* 3 Sandf. 126; *Seacord v. People,* 121 Ill. 623 (13 N. E. Rep. 194). It may be that defendant has generally exercised ordinary care in the conduct of this business, but, notwithstanding such care it was productive of odors which were offensive to those within their range, and necessarily produced physical discomfort. The evidence leaves no doubt of the presence of disagreeable and offensive odors on every rendering day. True, they have not been so bad since defendant changed the flue which carried some of the smoke out into the open air, but it would be impossible to conduct a melting establishment such as defendant was running, without the presence of offensive smells. Under our statutes, anything which produces noxious exhalations, offensive smells, or other annoyances injurious to the health, comfort, or property of individuals, is a nuisance. It is not necessary that these odors be deleterious to health. It is sufficient if they offend the senses in such a

manner as to produce actual discomfort. The testimony clearly shows that noisome smells are emitted from defendant's shop when he is melting the refuse from his counters, and that these smells not only caused plaintiff and his wife great discomfort, but at times drove people from his store. There is no necessity for conducting a slaughterhouse or rendering establishment in the business part of the city of Newton. It may be a little more expensive to conduct this business away from the square, and removed from the center of business, but the health and comfort of the people are paramount considerations. Defendant should be enjoined from keeping or slaughtering live animals upon his premises, and from rendering any sort of lard or tallow or other things in his building.

The decree of the trial court will be reversed, and the cause remanded for a decree in harmony with this opinion.— REVERSED.