PATRICK HUGHES, Appellant, v. SCHEUERMAN BROTHERS, Appellees.

**Nuisance:** BLACKSMITH SHOP: ABATEMENT. It is the duty of one who locates a blacksmith shop within a few feet of the dwelling house of another to keep it clean from filth and odors likely to interfere with the comfortable enjoyment of the adjacent property; and if it is not capable of being so conducted it should be abated and the business removed.

*Appeal from Mahaska District Court.*— HON. B. W. PRESTON, Judge.

FRIDAY, JUNE 7, 1907.

ACTION in equity to enjoin the maintenance of an alleged nuisance. The district court dismissed the bill, and plaintiff appeals.— *Reversed.*

*J. B. Bolton* and *D. C. Waggoner,* for appellant.

*L. C. Blanchard,* for appellee.

WEAVER, C. J.— The plaintiff is the owner of a house and lot in Oskaloosa in which he has made his home for a period of some thirty years. The house stands near the east

line of the lot.   About six years before the commencement of this suit the defendants erected a one-story brick building close to the line of plaintiff's lot on the east side, in which they established and have since carried on a blacksmithing business.   It is the claim of the plaintiff that in the operation of this business as conducted large numbers of horses are brought to the shop, and stand in the street in front of the shop and in the lot immediately in its rear; that large numbers of men congregate in and about the shop indulging in loud and profane talk; that the regular work there carried on is productive of loud and deafening noises; that quantities of manure and other foul matter accumulate in and about the shop causing stench; that the fitting of heated shoes to the hoofs of horses causes offensive odors; that flies breed and swarm about the premises; and that from these and other similar annoyances arising from said shop, and the manner in which the said premises are maintained, the comfortable use and enjoyment of plaintiff's home is greatly interferred with and its value impaired.   He therefore asks that the nuisance may be abated and enjoined.

The defendants admit that they are operating a blacksmith shop at the place mentioned, but deny that the same constitutes a nuisance.   The evidence tends very strongly to sustain many, if not most, of the allegations of the petition.   That defendants did not keep the premises as clear from manure and offensive odors as they should have done we are well satisfied.   The place had been the subject of complaint to the city authorities.   The city physician made an examination of the premises, and found them in such a condition as to be offensive to persons occupying the plaintiff's house.   The shop floor was so constructed that the horse manure and urine would filter through the cracks into an excavation below, where they tended to fester and become a source of material annoyance and a menace to health.   The plaintiff's kitchen was within three feet of the line, and the horses hitched on defendants' lots were within six feet of the

kitchen window. Resulting from this examination the city council passed a resolution reciting that the use of the lot as a hitching place had been productive of foul and offensive odors and source of much annoyance and discomfort to the people in that vicinity, and at times a menace to the health of the community, and ordered notice to be served upon defendants to clean and disinfect the place, and to cease using the property as a place for hitching horses. There was then some effort to cleanse the premises, but it does not seem to have been thorough or persistent.

The testimony offered by the defendant was largely that of witnesses who had been on or about the premises without noticing any offensive conditions. One of them conceded that the smell of horse manure did not bother him, and its presence next to his kitchen window or breakfast table would not be an annoyance. Another, a woman, who had at one time lived in plaintiff's house, thought she had no objection to the smell of horse manure unless it was " very strong." Others had not examined the premises, and knew very little of the essential conditions. Defendants also introduced evidence tending to show that plaintiff would at times get drunk; had been seen to drink beer on his back porch, kept hens on his lot, and had been known to have a sick horse there; but just what relevancy these things had to the issue being tried is not apparent upon the face of the record. Altogether we are satisfied that the case made by the plaintiff was one of merit, and that relief in some measure should have been granted. It is a matter of common observation that the business of general blacksmithing and horse shoeing is of such a character that, if the shop and premises are not kept with scrupulous care, many of the unpleasant results of which plaintiff complains are quite sure to follow. When located on an open lot of considerable size or surrounded by stables, or machine shops or buildings other than dwellings, those objectionable features may not afford ground for just complaint, but, when the artisan locates his

shop within a few feet of the windows and doors of the dwelling of another person, he is and should be bound to respect such person's right to the comfortable enjoyment of his own property.   If the business is capable of being carried on without materially interfering with the comfortable use of the adjacent property by people of ordinary sensibilities, and without becoming a source of danger to the public health, it is the duty of the proprietor to so conduct it; and, if it is not capable of being carried on without such injurious results, it is his duty to abate the nuisance by ceasing the business or by removing it to some more suitable location.   See *Bowman v. Humphrey,* 132 Iowa, 234, and cases there cited.

We are not prepared to say from the record before us that defendant's shop, when properly conducted, is necessarily a nuisance.   The circumstances shown are not materially unlike those which this court considered in *Shiras v. Olinger,* 50 Iowa, 571.   In that case the alleged nuisance was a livery stable, and, as in the present case, the evidence fairly showed the stable as kept to be a source of material annoyance and discomfort to the owners and occupants of neighboring residences.   The trial court enjoined the further use of the property as a stable.   On appeal the decree was modified to permit the stable to continue by taking proper precautions to prevent the annoying effects of which complaint had been made.   The court there said:   "But, inasmuch as a livery stable is not a nuisance *per se,* and it is not impossible that a change may be introduced which would obviate all objections, we think the decree enjoining the use absolutely should be so modified as to simply enjoin such use as we have found would be a nuisance."   See, also, to like effect, *Faucher v. Grass,* 60 Iowa, 505.   A blacksmith shop, like a livery stable, is not a nuisance *per se.*   Whether it be a nuisance at any time depends upon its location, surroundings, and the manner in which it is conducted.   Blacksmithing is a useful and important business, and it should not be hampered or burdened by unreasonable or unneces-

sary restrictions. On the other hand it is equally important that the owner of a home shall be protected in its proper and comfortable enjoyment. The record before us is not such that we can well prescribe the conditions under which the defendants shall be permitted to continue their business at its present location. Therefore, while we feel compelled to reverse the decree appealed from, we think it necessary to remand the cause to the trial court with directions that, if it finds that by the use of reasonable care in the conduct of the business and keeping the premises blacksmithing can be continued in the defendants' shop without materially interfering with the comfortable use of the plaintiff's residence, a decree be entered accordingly prescribing the conditions which the defendants must observe to that end. If, however, the trial court shall find that, even when all reasonable care and effort are used, the business at that place will still remain a nuisance, then an absolute injunction should be entered.

For the reasons stated, the decree of the district court is *reversed*.