J. C. WILLIAMS ET AL. v. SHERMAN WOLFGANG ET AL., Appellants.

**Nuisance:** BREEDING OF ANIMALS: EVIDENCE. While the breeding of animals is a lawful business it may become a nuisance if conducted in the immediate vicinity of a residence neighborhood, even though not carried on in plain view but disclosed by the noises incident thereto. In this action the evidence is held to show that a stable used for breeding horses was located in a residence district, and was sufficient to justify a finding that it amounted to a nuisance.

*Appeal from Marshall District Court.*—HON. C. B. BRADSHAW, Judge.

WEDNESDAY, JULY 5, 1911.

ACTION in equity to abate a nuisance. There was a decree for plaintiffs, and defendants appeal. *Affirmed.*

*Binford & Farber,* for appellants.

*F. E. Northup* and *J. L. Carney,* for appellees.

McCLAIN, J.—The nuisance complained of was the

maintenance in the residence district of the city of Marshalltown, and adjacent to the plaintiffs' residence, of a stable in which stallions were kept for breeding purposes, and to which mares were brought in order that they might be bred to such stallions.   It is not alleged the business is so carried on as that the act of breeding may be seen from adjoining premises, or that the stable is improperly kept with reference to its sanitary condition, or that it is offensive by reason of obnoxious odors; but the evidence shows practically without controversy that during the breeding seasons, which include at least five months of the year, mares are brought to the stable during all hours of the day and during Sunday; that teams of horses in unusual numbers are hitched in the immediate vicinity of the stable and that from the stable proceed noises of neighing, snorting, squealing, and stamping, which are incident to the breeding of mares therein, and plainly indicate to persons in the vicinity, not only the nature of the business carried on in the stable, but also the operations conducted therein as effectually as though the acts of breeding were patent to the eye.   It is also established by the evidence, as indeed it might be inferred without evidence, that the knowledge of these operations being carried on in the immediate vicinity is a source of annoyance to persons of reasonable sensibilities, and especially to parents who are attempting to rear families of children with feelings of ordinary decency and propriety, to women, to people who are entertaining company in their homes, and in general to all persons who are occupying adjoining premises as places of residence.

The evidence plainly brings these plaintiffs within the category of those who are annoyed by defendant's business.   Plaintiff Williams occupies with his family a residence on the lot immediately west of defendants' premises, and within sixty feet of defendants' barn; and he has a tenement house on the rear of his lot which is still

closer to the barn, in which tenement plaintiff Painter. resides. Plaintiff Scheiding owns the premises immediately east of defendants' premises, and the house situated thereon is within seventy-five feet of defendants' barn. The noise incident to the conduct of defendants' business may be heard in those neighboring houses, even though the doors and windows of defendants' barn are kept closed, and they are especially annoying during the summer time, when the windows and doors of the residences are necessarily open for considerable portions of the day, and the porches of such residences are occupied by persons desiring to enjoy comfort and quiet.

While the breeding of animals is a lawful business, and one which may properly be carried on for public benefit and private gain, it may constitute a nuisance, if carried on under such circumstances as to be peculiarly annoying to others, as, for instance, in a residence district of a city. In this respect it is like many other lawful businesses, such as those of conducting a livery stable, a blacksmith shop, a rendering establishment, a noisy factory, or a manufacturing plant emitting smoke and noxious gases. All such businesses have been held, under various circumstances, to constitute nuisances in residence districts. *Rhoades v. Cook,* 122 Iowa, 336; *Millhiser v. Willard,* 96 Iowa, 327; *Hughes v. Scheuerman,* 134 Iowa, 742; *McGill v. Pintsch Compressing Co.,* 140 Iowa, 429; *Percival v. Yousling,* 120 Iowa, 451; *McMorran v. Fitzgerald,* 106 Mich. 649 (64 N. W. 569, 58 Am. St. Rep. 511); *Baltimore & Potomac R. Co. v. Fifth Baptist Church,* 108 U. S. 317 (2 Sup. Ct. 719, 27 L. Ed. 739). Pertinent to the case before us are those cases in which it has been held that the keeping of jacks and stallions, and standing them, for breeding purposes, in the view of those occupying residences, is a nuisance, because shocking to the ordinary sense of decency. *Farrell v. Cook,* 16 Neb. 483 (20 N.

W. 720, 49 Am. Rep. 721); *Hayden v. Tucker,* 37 Mo. 214; *Nolin v. Mayôr, etc.,* 4 Yerg. (Tenn.) 163.

The shock to the sense. of decency and the annoyance which must result to residents from the fact of breeding stallions to mares in the immediate vicinity is obviously as clear, where the knowledge of the acts which take place in carrying on such business are made known by the noises peculiar to such acts, as where such knowledge is conveyed by sight, and the evidence shows that the noises complained of indicate as unmistakably to an ordinary person the actions of the animals kept by defendant in his stables, and brought to the stables in the prosecution of his business, as would the direct sight of such acts of breeding.   It seems perfectly plain, therefore, that the business carried on by the defendants necessarily constitutes such an annoyance to persons living in the vicinity as that it should not be permitted in a residence neighborhood.

The principal contention for appellants seems to be that the neighborhood where their stable is located is not such a residence neighborhood as to render their business properly objectionable in that locality, but it appears from the evidence that the residence district of the city of Marshalltown extends to and includes the block in which plaintiffs' dwellings are situated.   It is true that in the eastern portion of the block there is a small factory and also a building intended, but not now used, for manufacturing purposes, and that adjoining the block on the east side is a railroad spur leading to a packing plant four or five blocks distant, and further that east of this spur track is the manufacturing district of the city. But the manifest line between the residence district and the manufacturing district is east of the premises of the plaintiffs, and defendants' barn is on the rear of the lot occupied by them for residence purposes, and between the residence lot of Scheiding and that of Williams. We see no merit, there-

fore, in the claim that defendants' barn is not within the residence district of the city.

The decree of the trial court, enjoining defendants from maintaining their barn for the purpose of carrying on therein the breeding of stallions to mares, is manifestly right, and the judgment is *affirmed*.