GARMANY et al. v. SCHULZ.    (No. 2680.)

(Court of Civil Appeals of Texas. Amarillo. May 12, 1926. Rehearing Denied June 16, 1926.)

1. Wills ⬥═753—Legatees held specific legatees entitled to rents and revenues of land less reasonable expenses incurred by executrix while it was in her possession and until sold.

Under will directing sale of certain land and giving specific amounts to various legatees and remainder of proceeds to legatees named with no provision for full payment if proceeds were insufficient, legatees took as specific legatees, and as such were entitled to ratable distribution of rents and revenues of land less reasonable expenses incurred by executrix while it was in her possession and until sold.

2. Wills ⬥═719—Specific legatees of proceeds of land by contesting will were not deprived of right to rents and revenues of land from death of testator until land was sold.

That plaintiffs, who were specific legatees of amounts to be paid from proceeds of land, contested will, did not deprive them of rents and profits from land from date of testator's death until the land was sold.

3. Wills ⬥═734(10)—Specific legatees held entitled to recover interest on revenues of land retained by executrix at rate of 10 per cent. from time executrix sold land.

Where executrix, on selling land under provisions of will, refused to pay specific legatees rents and revenues which she had collected before sale, legatees were entitled to recover interest on amount of such revenues at rate of 10 per cent. per annum from date of sale.

4. Executors and administrators ⬥═313—Executrix withholding revenues of lands from specific legatees held chargeable, as constructive trustee, with interest at highest rate allowed by law.

Executrix who withheld payment of revenues of lands to specific legatees of proceeds of land, was guilty of constructive fraud, and as constructive trustee of fund was chargeable with interest at highest rate allowed by law.

Appeal from District Court, Wichita County; Guy Rogers, Judge.

Action by Mrs. Freda Schulz Garmany, a feme sole, suing for herself and as next friend and guardian of Lloyd Garmany, Jr., and as next friend of Robert Diggs and Harrold Diggs and others, against Mrs. E. J. Schulz, individually and as administratrix of the estate of A. J. Schulz, deceased. To review an adverse judgment, plaintiffs bring error. Reversed and remanded with instructions.

Bullington, Boone & Humphrey, of Wichita Falls, for plaintiffs in error.

Weeks, Morrow, Francis & Hankerson, of Wichita Falls, for defendant in error.

HALL, C. J. The plaintiffs in error, Eva Schulz, Bertha Schulz, Henry Schulz, and Mrs. Freda Schulz Garmany, a feme sole, suing for herself and as next friend and guardian of Lloyd Garmany, Jr., and as next friend of Robert Diggs and Harrold Diggs, instituted this suit against Emma J. Schulz, individually and as administratrix of the estate of A. J. Schulz, deceased. Ruby Diggs was joined as a defendant because of the fact that she had a joint interest in the property and refused to join plaintiffs in error as plaintiffs in the suit. Plaintiffs in error are the children and grandchildren of A. J. Schulz, deceased. Emma Jane Schulz, the defendant in error, is the second wife of A. J. Schulz, deceased. A. J. Schulz died in December, 1923, leaving a will in which Emma Jane Schulz is named as executrix. At the time of his death, A. J. Schulz was seized and possessed of considerable real and personal estate, including a certain 343-acre tract of land situated in Wichita county. Emma Jane Schulz was the general beneficiary under this will, which contains the following clauses:

"I direct my executrix to sell the tract of land of approximately 343¾ acres owned by me in the James Cole survey in Wichita county, Texas, as soon as can be done without sacrificing the same, and the proceeds derived from the sale of said property I give, devise and bequeath as follows: To my children, Louise Schulz Scott, Clara Schulz. Ben Schulz, and Harry Schulz, the sum of $5.00 each. To my children. Emma Schulz, Bertha Schulz. Eva Schulz, and Henry Schulz, the sum of $1,000.00 each. To my daughter, Freda Schulz Garmany, wife of Lloyd J. Garmany, the sum of $10,000.-00 as her sole and separate estate, free from the control of any husband which she may have; to my grandchildren, Ruby Diggs, Robert Diggs, Harrold Diggs, and Lloyd Garmany, Jr., the sum of $1,000.00 each. To the Church Extension Fund of The Ev. Lutheran Synod of Missouri (Kirch-Bankasse) the sum of $1,000.00. To the Lutheran Laymen's League Three Million Dollar Fund, the sum of $1,000.00. The remainder of the proceeds derived from the sale of said tract of land in said James Cole survey in Wichita county, Texas, I give, devise and bequeath in equal shares to my children, Eva Schulz, Ben Schulz, Freda Schulz Garmany, Henry Schulz, and Emma Schulz, and to my grandchildren; Ruby Diggs, Robert Diggs, Harrold Diggs, and Lloyd Garmany, Jr., to each an equal one-ninth part."

The plaintiffs in error allege that they are legatees under the above-quoted specific leg-

acy, and as such are entitled to recover of and from the defendant Emma Jane Schulz:

(1) The proceeds and revenues derived from said land and received by the defendant in error from the death of the deceased, A. J. Schulz, up to and including the time of the institution of this suit in the amount of $2,000.

(2) That the defendant in error could have sold said property on January 15, 1924, for the sum received in the sale made January 15, 1925, and that the plaintiffs in error are entitled to the rents and revenues derived from said land for the period of one year, and, in the alternative, for interest on the proceeds received from the sale of the land from the date the land could and should have been sold.

(3) In the alternative, for the reasonable value of said land for the year 1924, alleging this to be $2,000.

(4) For interest on the proceeds received from the sale of said land from January 15, 1925, the date when the land was actually sold.

The defendant in error answered by general demurrer and general denial; that she had been prevented from selling the land at any time prior to January 15, 1925, by reason of the contest of said will filed by plaintiffs in error, Eva, Freda, Emma, and Henry Schulz, joined by certain other heirs of A. J. Schulz; that she had sold said property for $20,600; that under and by virtue of the terms of the will $20,020 of such proceeds was to go in satisfaction of specific bequests, and the remainder thereof, to wit, $580, to be divided in nine equal parts and distributed to certain of the specific legatees; that on the 16th day of January the defendant in error notified the plaintiffs in error that she was ready to pay to each of them the several amounts to which they were entitled, provided that they properly receipted for the funds coming to them; and that the plaintiffs in error, and each of them, failed and refused to properly receipt for the funds so coming to them. She further set out in detail the amount received from the sale of the property, and how it was to be distributed under the will, and tendered into court the full amount which she claimed to be due the plaintiffs in error.

The case was tried before the court without the intervention of a jury; judgment was rendered decreeing that the plaintiffs in error were entitled to receive only the amount derived from the proceeds of the sale of the land, and were not entitled to interest upon the legacies nor entitled to recover the rents and revenues derived from said land between the date of the death of the deceased, A. J. Schulz, and the sale of said land, and further decreed that the defendant Ruby Diggs had no further interest in the subject-matter of the suit, and ordered the clerk to pay to the plaintiffs in error their respective portions of the funds tendered into court, and decreed that when so made, such payments should be in full, final, and complete settlement and satisfaction of all sums due plaintiffs in error under the will of A. J. Schulz, deceased.

Following the above-quoted provisions, the will contains this clause:

"All the rest, residue and remainder of my property and estate of every kind and character, real, personal or mixed, wherever situated, I give, devise and bequeath unto my wife, Emma Jane Schulz, absolutely without any restrictions whatsoever in fee simple."

[1, 2] Schulz died December 3, 1923. Some of the plaintiffs contested the will. After the contest had resulted in a final judgment, the executrix sold the property on January 15, 1925, for the sum of $20,600. While the farm was in her possession, rents and profits were received by her in the total sum of $1,916.80. During that period she disbursed in the way of taxes and insurance upon the property, $409, leaving in her hands as rents and revenues, at the date of the sale, a balance of $1,-507.80. We think the legatees were entitled to have this sum distributed amongst them ratably. The provisions of the will exclude the idea that it was the intention of the testator to equally divide his estate between objects of his bounty. The extent to which the plaintiffs in error are to share in the estate is specified and limited, both as to the amount to be given to each, and the particular property and fund out of which it is to be paid. There is no provision for the full payment of the several legacies in the event the proceeds from the sale of the land should not be sufficient for that purpose. The plaintiffs, therefore, take as specific legatees under the will. 2 Alexander on Wills, §§ 655, 649; 4 Schouler on Wills (6th Ed.) § 3055; 23 C. J. 1141, 1142. Being specific legatees, they take from the date of the death of the testator to the extent that they are entitled to the rents and revenues of the land, less the reasonable expenses incurred by the executrix while it was in her possession and until sold under the provisions of the will. 4 Schouler on Wills (2d Ed.) § 3060; 24 C. J. pp. 139, 141, 142. It appears that the land was sold under the provisions of the will, and that immediately upon the sale of the property the executrix offered to pay the legacies to the several plaintiffs in error, but refused to account to them for the rents and revenues, basing her refusal upon the fact that because they had contested the will, she could not sell it pending that action. The fact that plaintiffs in error contested the will would not deprive them of their rents and revenues during that period. 40 Cyc. 2104; O'Leary v. Smock, 95 N. J. Eq. 276, 119 A. 23, 122 A. 927; In re Brandon's Will, 164 Wis. 387, 160 N. W. 177; Claflin v. Holmes, 202 Mass. 157, 88 N. E. 664.

[3] The plaintiffs in error are also entitled to recover interest on the $1,507.80 at the rate of 10 per cent. per annum from January 15,

·1925. · 40 Cyc. 2099; Simpson v. Knox, 1 Posey, Unrep. Cas. 569; 4 Schouler on Wills, § 3138.

[4] In withholding payment of the $1,507.80 the executrix is guilty of constructive fraud, and as a constructive trustee of the fund is chargeable with interest at the highest rate allowed by law from January 15, 1925, to the date of its payment. Van Orden v. Pitts (Tex. Com. App.) 206 S. W. 830; Thomas v. Hawpe, 35 Tex. Civ. App. 311, 80 S. W. 129; 39 Cyc. pp. 423–428.

We therefore reverse the judgment and remand it to the trial court with instructions to there enter judgment in favor of plaintiffs in error, in accordance with this opinion.

Reversed and remanded, with instructions.