## SCHULZ v. GARMANY et al.
### (No. 919—4690.)

Commission of Appeals of Texas, Section A. April 13, 1927.

**1. Wills ⬳439—In construing will, testator's purpose is primary consideration; distinctions between demonstrative and specific legacies being important only in finding intent.**

In construction of provisions of will, purpose of testator is primary consideration, and distinctions erected between demonstrative and specific legacies are important only in finding and enforcing the intent.

**2. Courts ⬳89—Rights of beneficiary, also administratrix under will, are not measured by rules relating to duties and liabilities of representative alone.**

Where beneficiary was also administratrix under will, her rights are not measured by rules relating to duties and liabilities of a representative alone.

**3. Wills ⬳728—Will directing sale of land and distribution of proceeds to legatees held not to preclude residuary legatee from taking usufruct pending sale.**

Clause of will directing sale of certain land and distribution of proceeds among named legatees *held* not to preclude residuary legatee from taking usufruct pending sale under the general residuary clause.

**4. Wills ⬳728—Executrix and residuary legatee held not liable to legatees of proceeds of land for usufruct of land pending sale directed by will.**

Where will directed executrix to sell certain land "as soon as can be done without sacrificing same," and gave proceeds thereof in specific amounts to various legatees with remainder to legatees named, executrix, who was also general residuary legatee, *held* not liable for usufruct of the land pending sale.

**5. Executors and administrators ⬳104(1)—Executrix held not liable to legatees of proceeds of land sold at her discretion for interest on price she might have gotten year before sale.**

Where will directed executrix to sell certain land "as soon as can be done without sacrificing same," and gave proceeds thereof in specific amounts to various legatees, with remainder to legatees named, executrix, who was also general residuary legatee, *held* not liable for interest upon price which she might have gotten a year before sale.

**6. Executors and administrators ⬳104(1)—Executrix, who promptly tendered to legatees proceeds of land sold, held not chargeable with interest; tender being conditioned only on execution of receipts.**

Where executrix sold land and tendered payment of legacies as directed by will, such tender being not later than day succeeding sale and conditioned only upon execution of receipts therefor, she was not liable for interest thereafter.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Action by Mrs. Freda Schulz Garmany, a feme sole, suing for herself and as next friend and guardian of Lloyd Garmany, Jr., and as next friend of Robert Diggs and Harrold Diggs, and others, against Mrs. E. J. Schulz, individually and as administratrix of the estate of A. J. Schulz, deceased. From a judgment of the Court of Civil Appeals (285 S. W. 911) reversing a judgment of the district court, defendant brings error. Judgment of the Court of Civil Appeals reversed, and that of the district court affirmed.

Weeks, Morrow, Francis & Hankerson, of Wichita Falls, for plaintiff in error.

Bullington, Boone, Humphrey King, of Wichita Falls, for defendants in error.

NICKELS, J. The case is sufficiently stated in the opinion of the honorable Court of Civil Appeals (285 S. W. 911), and will not be restated here except in so far as may be necessary in the course of the opinion to illustrate the matters discussed.

[1] The rights of the parties involve construction of the two provisions of the will excerpted in the opinion of the Court of Civil Appeals. Purpose of the testator is, of course, the primary consideration. Gallagher v. Redmond, 64 Tex. 626; Lake v. Copeland, 82 Tex. 464, 468, 17 S. W. 786. The distinctions erected as between demonstrative and specific legacies are of no particular importance save as they may aid in finding and enforcing the intent.

[2] As between these parties, it is manifest that the testator intended and attempted to carve out certain definitely prescribed assets—rather, rights to assets—in behalf of the defendants in error, and that all of the balance should go to Mrs. Schulz. This lady, it is to be observed, appears in the will and in the case in a dual capacity—i. e., beneficiary and administratrix—and her rights, therefore, are not to be measured according to rules prescribed in authorities which relate alone to the duties and liabilities of a representative. E. G. Simpson v. Knox, 1 Posey, Unrep. Cas. 569; Thomas v. Hawpe, 35 Tex. Civ. App. 311, 80 S. W. 129; 24 C. J. 139–142.

[3] The right to use a thing and to receive the usufruct is the most important element of ownership. Stephens County v. Oil & Gas Co., 113 Tex. 160, 254 S. W. 290, 29 A. L. R. 566; Spann v. City of Dallas, 111 Tex. 350, 235 S. W. 513, 19 A. L. R. 1387. There is no reason to doubt that legal title to the land in question was put in Mrs. Schulz; vesting of some absolute right (i. e., usufruct) in her by the general clause of the will is not, in our opinion, precluded in the terms of the other clause.

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[4] The testator appears to have understood that some time, possibly a considerable period, would inevitably elapse before payments (of what we shall assume to be specific legacies) could be made, for he did not fix absolutely a time therefor or for the doing of the specifically named act which was required to precede payment; contrarily, he directed sale of the land "as soon as can be done without sacrificing" the land. Thus he committed to Mrs. Schulz discretion in some important respects, and, in a general way, authorized her to judge conditions as they should present themselves. That she might err was very well understood by him; but that mere error of judgment ought not to subject her to liability was given expression by him in the very fact of vesting discretion. Her duty was to sell when her faithful judgment, reasonably used, indicated propitious conditions.

When a sale should occur, the fund would arise to which the specific legacies related. Thus and plainly the testator did not segregate specific properties and set them apart for the legatees, as was done in most of the cases in which it was held that right of payment took effect as of time of death; on the contrary, a situation was erected by the testator wherein payment could not be thus made, or maybe for a considerable time thereafter; and, too, there was a situation wherein it was impossible definitely to fix at death, or immediately subsequent, the particular thing or fund to which each legatee was entitled. Hence all reason for application of the doctrine of relation is absent here. Creation of the fund, particularly named, out of which the legacies were to be paid, was by the testator postponed, in the manner shown above, pending occurrence of the contingency described. Creation, of course, was not wholly contingent, but the time thereof, at least within reasonable bounds, was left conditional.

With great exactness the testator described the source of payment. A sale was to be made, and the proceeds were "devised and bequeathed as follows." A named amount of the contemplated proceeds was given each of a group of beneficiaries, and "the remainder of the proceeds derived from the sale of said tract of land" was in equal parts "devised and bequeathed" to certain of those persons. The land itself was not devised to these persons, nor was the usufruct in terms given to them; the proceeds to be derived at a sale made up the subject-matter of the bequests. Mo. Baptist Sanitarium v. McCune, 112 Mo. App. 332, 87 S. W. 93.

There is no suggestion or basis for a suggestion that Mr. Schulz did not realize what he was doing when he selected and employed the words given. He thus used words whose ordinary signification imports an intention to limit certain beneficiaries to the proceeds of the sale. The phrase "proceeds derived from the sale of said property" cannot through any ordinary play upon words be so extended as to include proceeds derived from use of the property, or value of such use, pending the requisite sale. If the usufruct, during the interim, was intended to pass to these beneficiaries, the intent must be deduced from the use of words which ordinarily mean and imply the reverse. So, if warrant for the deduction exists, it must be found in other provisions. But, when we look to the only other relevant clause, we find terms used appropriate to a "gift, devise and bequest" to Mrs. Schulz of the usufruct as included in "all the rest, residue and remainder of my property and estate of every kind and character" remaining after the taking out of the "proceeds derived from the sale of said tract of land." To hold that the benefits of user of the land pending sale belong to the so-called specific legatees requires, then, both a limitation upon the terms employed in the general clause and an addition to those used in the specific clause, for, as stated this item of property would vest under the general clause and would not pass under the specific clause, if both be given the meaning which their words ordinarily import. Strong reasons would have to be apparent in justification of such a transposition of testamentary disposition, if indeed it could be made at all.

No such reasons appear. On the contrary, we believe there exist in the provisions of the will, beside mere existence of the two clauses, adverse reasons. For aught that is shown, the testator's liberty included partial and unequal dispositions as between those who would generally be regarded as objects of his bounty; that he understood his rights and intended use of them is plain. His general disposition of partiality for his wife, together with the confidence exhibited in vesting discretion in her, argue a full scope for the general clause. In the specific clause each of four children is cut off with the sum of $5. To emphasize his purpose to make those bequests absolute in maxima, these four children are subsequently excluded from participation in "the remainder of the proceeds derived from the sale of said tract of land" after the $20,200 of specially named bequests should be paid. Yet if the specific clause is to be given an expanded meaning, the bequests to the four children practically disinherited must be augmented. The fact that such augmentation, as it happens, would be infinitesimal does not affect the question; conditions might have arisen pending sale which would have increased those bequests measurably beyond what the testator thus stoutly said and implied they should be. And, too, each of the other beneficiaries is treated with that definity which precludes the thought of the testator of an

increase beyond the "proceeds derived from the sale."

[5] The record is without any basis for tainting the faith or conduct of Mrs. Schulz in the matter or manner of the sale. And in our opinion she is not liable for the usufruct pending the sale as made; a corollary is that she is not liable as for interest calculated for the period upon the price which she might have gotten a year before the sale.

[6] Upon the day of the sale, or at least not later than the succeeding day, she tendered payment of the legacies in the amounts fixed in the specific clause. This tender was conditioned only upon execution of proper receipts. Hence, as to the payments after sale, she is not in default, and so not liable for interest during the period intervening the tender and bringing of this suit.

Accordingly, we recommend reversal of the judgment of the Court of Civil Appeals and affirmance of the judgment of the district court.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and that of the district court affirmed, as recommended by the Commission of Appeals.