## PINKSTON v. PINKSTON et al.
### No. 1395.

Court of Civil Appeals of Texas. Eastland.
Feb. 22, 1935.

Rehearing Denied March 22, 1935.

Richard & A. P. Mays, of Corsicana, for appellant.

Lovett & Lovett and Davis, Jester & George, all of Corsicana, for appellees.

LESLIE, Justice.

This is a suit by Katherine Shell Pinkston against Lucian Pinkston, her former husband, and Nat C. Pinkston, as executor of the estate of L. A. Pinkston, deceased, father of Lucian Pinkston, to impound for the future support of the latter's three minor children certain securities bequeathed to the deceased father to his son Lucian Pinkston. The plaintiff herein sets forth her cause of action against said Lucian Pinkston and Nat C. Pinkston, executor, by pleading filed October 18, 1933, and styled "plaintiff's first amended original petition." She had theretofore, on June 18, 1932, obtained a divorce from said husband. By said petition she sought to recover of Lucian Pinkston (1) $500 alleged to have been advanced by her for necessaries for their minor children; (2) $300 attorney's fees for services rendered her under contract in the divorce suit; (3) $50 per month for the support of the three minor children in the fu-

ture; and (4) perpetuation of an injunction restraining the husband from molesting and insulting her, etc.

The defendants Lucian Pinkston and Nat C. Pinkston, executor, among other defenses, entered general denials and specially answered that at the death of L. A. Pinkston, Lucian Pinkston was indebted to him more than he would be entitled to under the terms of the will. That the will merely made a general legacy of bequest in favor of Lucian Pinkston whereby he' would be entitled to nothing until his debts to the testator's estate were paid, etc.

Upon the trial before the court, without a jury, judgment was rendered as follows: For plaintiff (1) $300 theretofore advanced by the wife for the support and maintenance of the children; (2) $300 attorney's fees; (3) perpetuating the injunction against Lucian Pinkston; (4) plaintiff take nothing as against Nat C. Pinkston, executor; (5) that during the pendency of this suit Nat C. Pinkston be enjoined from disposing of or turning over to Lucian Pinkston any property coming to him under section 2 of said will; (6) denying future allowance for the support and maintenance of the children, and refusing to impound the securities for that purpose. Recovery of items 1 and 2 are not challenged.

From the unfavorable portions of the judgment, Katherine Shell Pinkston appeals. To clearly reflect our opinion, it is necessary to state in substance the pleadings as well as the testimony adduced upon the trial.

By several propositions, the appellant makes the contention that the second division of L. A. Pinkston's will in favor of Lucian Pinkston creates a special legacy in favor of Lucian Pinkston, and that the securities therein bequeathed to him are subject to the support and maintenance of his minor children, and that the executor of his father's estate has no right to retain the securities, as against her contentions in this suit, for the purpose of applying the same to an indebtedness owed by her former husband, Lucian Pinkston, to his father at his death. On the other hand, she concedes that if the legacy is a general one, the securities would be subject to be retained by the executor until the debts of Lucian Pinkston to the estate were liquidated.

The will in question is to the tenor following:

"Corsicana, Tex. Nov. 16, 1922.

"It is my will and desire that, when I am dead, the oldest available of my wife's sons Nat, Tom, Will and Lucian shall, without bond, execute following wishes.

"1st. Give my body economical, unflowered, unadvertised and absolutely nonreligious burial.

"2nd. Hold securities inherited from my brother, C. P. and use what he thinks is necessary, for support of my brother B. K. When no longer needed by B. K. divide equally between executor and brothers.

"3rd. At his mother's request, sell sufficient securities to pay debts, & then deliver to her one-half of all remaining securities & money. Hold other half & give her cash income from same while she lives single.

"4th. Then divide the remainder equally between executor & brothers.

"L. A. Pinkston."

We will now consider the "2nd" division of said will with the view of determining whether it is in legal effect a special or general legacy. "C. P." in said section refers to Caleb Phife Pinkston, a deceased brother of the testator. "B. K." refers to Brown Kenner Pinkston who is also dead. Said L. A. Pinkston inherited from said "C. P." 405 shares of a Standard Oil stock. Surviving said L. A. Pinkston, deceased, were the following children: Nat C. Pinkston, executor herein, Tom Pinkston, Will Pinkston, and Lucian Pinkston, defendant herein. These four are the only surviving children of the deceased, and the ones referred to in the introductory portion of the will.

Nat C. Pinkston qualified as executor of the estate of L. A. Pinkston and the inventory and appraisement of his property discloses that the 405 shares of Standard Oil stock above referred to is the only separate property owned by the deceased at his death. The community property discloses large holdings of securities and other property as well. The securities mentioned in section 2 of the will are no longer needed for the support of "B. K." who has since died.

To these undisputed facts and to the plain unambiguous language of L. A. Pinkston's will, we apply the legal test to determine whether or not it created a special legacy in favor of Lucian Pinkston. A special legacy is defined to be a gift by will of a specific article or thing which is identified and distinguished from all others of the same nature, which can be satisfied only by a delivery of the particular thing bequeathed or devised. The authorities generally approve this definition. Avery v. Johnson, 108 Tex. 294, 192 S. W. 542; Moss v. Helsley, 60 Tex. 426; Russell v. Adams (Tex. Com. App.) 299 S. W. 889; Schulz v.

Garmany (Tex. Com. App.) 293 S. W. 165; Harper v. Bibb and Falkner, 47 Ala. 547; Nusly v. Curtis, 36 Colo. 464, 85 P. 846, 7 L. R. A. (N. S.) 592, 118 Am. St. Rep. 113, 10 Ann. Cas. 1134; Wilts v. Wilts, 151 Iowa, 549, 130 N. W. 906; Hill v. Harding, 92 Ky. 76, 17 S. W. 199, 437; Palmer v. Palmer's Estate, 106 Me. 25, 75 A. 130, 19 Ann. Cas. 1184; In re Martin, 25 R. I. 1, 54 A. 589; 69 C. J., p. 919, § 2085; 28 R. C. L. 289.

A definition and a brief discussion of a specific legacy is found in the following excerpt taken from 28 R. C. L., p. 289, par. 263: "A specific legacy is a gift by will of a specific article, or a particular part of the testator's estate which is identified and distinguished from all others of the same nature, and which can be satisfied only by the delivery and receipt of the particular thing given. A specific legacy may be looked upon as one which the testator has separated from the general mass of his property for the benefit of a particular legatee. In ascertaining whether a legacy is specific, recourse should be had to the intention of the testator, and this intention should be gathered from the language used in creating it, in the light of the circumstances of the testator and the property which he is disposing of in his will. No special words are required to make a bequest specific, though such words as 'my', 'owned by me', 'standing in my name', or 'in my possession' are indicative of the specific character of the legacy."

Under the authorities, the unfailing test of a specific legacy is that the testator by his will identify and distinguish the property bequeathed from others of the same nature.

■ Applying the above definition or test to section 2 of the will, we are of the opinion that it creates a special legacy in favor of Lucian Pinkston. We hold this to be true whether the section be considered alone, or read in the light of the entire will. Russell v. Adams (Tex. Com. App.) 299 S. W. 889. Other typical cases in point referred to in the appellant's brief and to be found on page 589, Annotations to Kearns v. Kearns, 140 Am. St. Rep. 575, are the following: Young v. McKinnie, 5 Fla. 542; Mayo v. Bland, 4 Md. Ch. 484; Gelbach v. Shively, 67 Md. 498, 10 A. 247; In re Getman, 128 App. Div. 767, 113 N. Y. S. 67; Johnson v. Goss, 128 Mass. 433.

We are also of the opinion that the admissible testimony of an extraneous nature reflecting the circumstances surrounding the testator and the making of the will is in harmony with the above conclusions as to the testator's intention.

■ Since we hold that section 2 of the will creates a special legacy in favor of Lucian Pinkston, it follows that the executor of L. A. Pinkston's estate has no right of retainer for the liquidation of debts owed by Lucian Pinkston to the testator. Russell v. Adams, supra. However, it does not necessarily follow from these conclusions that the judgment of the trial court, in the respects complained of, should be reversed. This effort to subject Lucian Pinkston's said property to the support and maintenance of his minor children is not made in the divorce proceedings where alone it could be done under and by virtue of the provisions of the statutes (articles 4636, 4637, 4638, and 4639, Vernon's Ann. Civ. St.), as construed by our Supreme Court in Cunningham v. Cunningham, 120 Tex. 491, 40 S. W.(2d) 46, 51, 75 A. L. R. 1305. See, also, opinion by this court through Chief Justice Hickman in Bowyer v. Bowyer, 80 S.W.(2d) 475. The instant suit, among other things, seeks to have said property of Lucian Pinkston "placed in the hands of a trustee to be vested with all the powers of receiver, and the corpus as well as the income therefrom to be used for the support, education and maintenance of said minor children * * * in such manner and to the extent as to this court or its trustee may deem proper," etc. This relief is sought by Mrs. Pinkston in an action independent (as will presently appear) of the divorce suit. This particular relief was denied her. Under the Cunningham Case, this part of the judgment is correct. Our Supreme Court there said: "While we have no doubt of the power of the Legislature to so amend our statutes as to empower the courts to decree and compel the payment of allowances for the support of dependent minors as against a parent, either in divorce proceedings or independent of divorce proceedings, yet we are compelled under the existing statutes to deny such relief, *when not sought in a divorce suit, pending final judgment*." (Italics ours.)

■ Was the relief refused by the trial court sought in a suit independent of the divorce suit? We think so. It is too clear for argument that this allowance for the future support of the dependent minors was not sought in a divorce suit, *pending final judgment therein*. The decree of divorce had become final June 18, 1932. In Texas a divorce decree is absolute from the date of entry unless set aside or appealed from. 15 Tex. Jur., p. 560, § 93.

It is true in the trial of the original divorce suit, No. 17473, the trial court concluded that

that cause of action was severable, "involving (1) her right to a divorce and the custody of her minor children, and (2) the disposition of the rights of the respective parties and their children in and to the property of the parties," and proceeded to enter a decree of divorce in favor of Katherine Shell Pinkston, and indicated that the other issues of the case, involving property rights, support, and maintenance of the minor children might be tried at another term. These issues are the ones that are now presented for adjudication in this suit and set out in the first amended petition (filed October 18, 1933) to which attention has been called. The divorce case having been definitely disposed of, the trial court was without authority to postpone to a later term the adjudication of the minors' rights to an allowance for future support, and, at the same time, avoid the legal consequences which flow from a failure to adjudicate such rights in the final divorce decree. Cunningham v. Cunningham, supra; Kirkwood v. Domnau, 80 Tex. 645, 16 S. W. 428, 429, 26 Am. St. Rep. 770. In the Kirkwood Case the husband and wife had community property which they occupied and they were divorced without the court in that decree having made any division of the property, or ordered it set aside as a homestead for the wife and minor children. Because of such omission or failure to set aside his interest in the property as a homestead right for the wife and minor children, she lost the right to so occupy and use it. The court said:

"We think, however, that the husband's interest in the property can be so charged only in the divorce suit, and as a part of the decree of divorce."

The principle has application here. It is in harmony with the rule announced in the Cunningham Case. To call the present suit a divorce suit does not make it so. Another feature indicates that the present suit is different and independent of the divorce suit. The latter suit was necessarily against Lucian Pinkston, while the present one is against him and the executor of L. A. Pinkston's estate, the latter brought in by the amended petition.

■ Since as pointed out judgment for future support of the dependent minors cannot, under the statute and the above authorities, be had against the husband in a suit independent of the divorce proceeding, it follows that that portion of the judgment denying such relief is correct. It would appear from the recitals in the judgment that the trial court denied such relief on the theory that section 2 of the will created a general legacy which the executor might retain until Lucian Pinkston paid his debt to the estate. As stated, we do not agree with that conclusion, but for the reasons given, the judgment being correct, it should be affirmed. Saunders v. Guinn (Tex. Civ. App.) 1 S.W.(2d) 363, 368 (#9). It is so ordered.

## On Rehearing.

In our original opinion we stated that Nat C. Pinkston, executor, was brought into the suit for the first time in the amended petition. This statement is incorrect. To prevent said executor from disposing of, or delivering certain property to which Lucian Pinkston might become entitled, he was made a party from the beginning and enjoined for the purpose of preserving the status of the property, etc. We regard the point as having no material bearing upon the soundness of the conclusions stated in the opinion.

■ The appellant acquiesces in the interpretation given by this court to the Supreme Court's opinion in Cunningham v. Cunningham, supra, but now contends, for the first time, that the divorce judgment of date June 18, 1932, was merely interlocutory. In his motion, he says: "Appellant's cause of action under the facts and the law of the case, was not severable and there could be no final judgment in the case until all the matters at issue, under the pleadings and the facts were disposed of." We cannot regard the original divorce decree as interlocutory. It was evidently never so intended, and the record before us compels the opposite conclusion. It bears all the earmarks of finality, and in the interest of the parties involved, and sound public policy, a divorce judgment should not be held interlocutory when the testimony does not warrant any such conclusion. The original judgment of the trial court, the judgment in the instant case, and especially the findings of facts and conclusions of law indicate that the divorce judgment was regarded as final.

■ No further comment on the Cunningham Case is necessary, since our interpretation of it is acquiesced in, but we do call attention to the positive holding that the Legislature had power *to empower* courts to decree and compel the payment of allowances for the support of dependent minors as against parents, either in divorce proceedings or independently of divorce proceedings, but that *under "existing statutes" such relief could not be obtained when "not sought in a divorce*

*suit, pending final judgment.*" There is simply a lack of power in a trial court to award such relief in a subsequent suit.

For the reasons assigned, the motion for rehearing is overruled.