SIMON *v*. DETROIT MOTOR VALVE CO.

1. NUISANCE—NOISE AND VIBRATION CONSTITUTE NUISANCE.
    In a suit to restrain a nuisance caused by the noise and
      vibration of machinery in the operation of defendants'.
      manufacturing plant in close proximity to plaintiffs' resi-
      dences, evidence *held*, sufficient to justify the decree of
      the court below granting the relief prayed.[1]

2. SAME—THAT WHITE PEOPLE ARE MOVING OUT NO EXCUSE FOR
  CONTINUING NUISANCE.
    That there is more or less manufacturing being carried
      on in the vicinity of plaintiffs' residences, and that
      the white people are leaving and the colored people are
      taking their places, *held*, no answer to plaintiffs' com-
      plaint of a nuisance caused to them in their homes by
      the noise and vibration of machinery, by reason of the
      method of its operation, in defendants' manufacturing
      plant.[2]

3. SAME—THAT NUISANCE CAN BE ABATED BY CHANGES ASSUMED.
    The court will assume that by making some changes and
      alterations the objectionable features of operation can
      be eliminated, and said changes must be made or the
      nuisance abated.[3]

Appeal from Wayne; Mandell (Henry A.), J.   Sub-
mitted October 23, 1925.   (Docket No. 76.)   Decided
December 22, 1925.

Bill by Henry Simon, executor of the last will of
Joseph Simon, deceased, and another against the De-
troit Motor Valve Company and another to abate a
nuisance.   From a decree for plaintiffs, defendants
appeal.   Affirmed.

---

[1]Nuisances, 29 Cyc. p. 1247; [2]Id., 29 Cyc. pp. 1158, 1236 (Anno);
[3]Id., 29 Cyc. p. 1250.
  Noise with or without vibration incident to lawful industrial
business, as nuisance, see notes in 17 L. R. A. (N. S.) 287;
44 L. R. A. (N. S.) 236.
  Noise from operation of industrial plant as nuisance, see
note in 23 A. L. R. 1407.
  Creamery or milk distributing plant as nuisance, see note in
31 A. L. R. 187.

*Murrl E. Dikeman,* for plaintiffs.

*Race, Haass & Allen* (*Floyd A. Supp,* of counsel), for defendants.

BIRD, J.    This bill was filed by plaintiffs to restrain an alleged nuisance.    The chancellor gave the relief prayed and defendants appeal.

Plaintiff Simon has been the owner and occupant of premises known as 1350 Maple street, in the city of Detroit, since the year 1913.    Plaintiff Collins is the tenant of 1356 Maple street.    Both residences are two-story frame houses.    The defendants' plant is situated in close proximity to these residences.    The westerly wall of the Simon residence is very close to defendants' east wall.    Defendants are conducting a manufacturing plant for the manufacture of valves. Their machine shop is located next to the Simon house, and it is claimed that their operation of the plant results in a nuisance to the plaintiffs.    One of the things which they complain of is the noise and vibration which the machinery produces.    It is shown the vibration is constant when the machinery is in motion, that it causes the gas mantles to break, that it jars the dishes from the shelves, makes the doors and windows rattle, and loosens the plaster.    It is shown that they sometimes operate the plant all night, and the noise of the machinery and the loud talking of the employees prevents the occupants of the house from sleeping.    It is further shown that emery wheels are in use in the machine shop, and the particles of stone and iron thrown off from these permeate their entire premises, cover and collect on the dishes, furniture, window glass, and even settle on their food. Besides this it destroys the vegetation in their back yard.    It is further shown that when the machinery is in operation plaintiffs' dwellings are filled with a bluish smoke, which is very nauseating to the inmates,

and it is claimed that these conditions affect the health of the family, and Mr. Simon gave it as his opinion that these conditions hastened the death of his wife.

Defendants deny that the manner in which they operate their plant results in a nuisance.   They show that upon the complaints by plaintiffs they have made some alterations and changes which have materially lessened the objectionable conditions.   They also seek to avoid the consequence of objectionable operation by the statement that the district is a manufacturing district, and nearly all of the old white residents have moved out and their places have been taken by the colored people.   Plaintiffs' reply to this is that the defendants' plant is the only manufacturing plant on the block, and that the rest of the block is occupied by dwelling houses, except a grocery store at the corner.

In the recent case of *Kobielski* v. *Creamery Co.*, 222 Mich. 656 (31 A. L. R. 183), a very similar situation existed, and we there considered the question whether noise and vibration would amount to a nuisance.   We said in part that:

"The authorities are numerous which hold that noise alone, or noise accompanied by vibration, if it be of such a character as to be productive of actual physical discomfort and annoyance to a person of ordinary sensibility, may create a nuisance, and be the subject of an action at law, or an injunction from a court of equity, though such noise and vibration may result from the carrying on of a trade or business in a town or city.   20 R. C. L. p. 445."

Two interesting cases on this subject are *McKeon* v. *See*, 4 Rob. (N. Y.) 449, affirmed in 51 N. Y. 300 (10 Am. Rep. 659); *Freeman* v. *Columbia Machine Works*, 91 N. Y. Supp. 192.

Testing this situation by that rule, we are of the same opinion that the chancellor was, that these plaintiffs are entitled to some relief.   The buildings are

very close to each other, but plaintiffs do not complain of that.   It is the manner in which the operation is carried on that plaintiffs protest.   The factory was heretofore owned and occupied by Goebel Brewing Company as a storage and stable for horses.   No complaint is made of that occupation.   We do not think that because there is more or less manufacturing being carried on in that vicinity, and that the white people are leaving and the colored people are taking their places, are any answers to plaintiffs' complaint. *McKeon* v. *See, supra.*   We assume that by making some changes and alterations the objectionable features of operation can be eliminated.   They must be, or else abated.

The chancellor was right in his conclusion, and the decree will be affirmed, with costs to the plaintiffs.

MCDONALD, C. J., and CLARK, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.