MUSKEGON TRUST CO. v. BOUSMA.

1. COVENANTS—BUILDING RESTRICTIONS CONSTRUED STRICTLY AGAINST GRANTORS.

   Restrictions in deeds will be construed strictly against the grantors and those claiming to enforce them, and all doubts resolved in favor of the free use of the property.

2. SAME—RESTRICTIONS MAY NOT BE ENFORCED AGAINST PARTY HAVING NEITHER ACTUAL NOR CONSTRUCTIVE NOTICE THEREOF.

   Restrictions which are not a matter of record and of which a party has neither actual nor constructive notice may not be enforced against such party.

3. REFORMATION OF INSTRUMENTS—DEEDS—RESTRICTIONS.

   In a suit to reform certain deeds and contracts to include therein certain restrictions, evidence held, insufficient to warrant granting the relief sought.

4. NUISANCE—INJUNCTION—MANUFACTURING CEMENT BLOCKS IN
RESIDENTIAL DISTRICT.

Carrying on the business of manufacturing cement blocks in a
purely residential district is a nuisance entitling residents
therein to an injunction restraining same, where the undisputed
evidence shows that it unreasonably interferes with the enjoy-
ment of the homes in the locality by reason of the noise from
the machines used, and the dust from the cement.

Appeal from Muskegon; Vanderwerp (John), J.
Submitted April 9, 1929.     (Docket No. 104, Cal-
endar No. 34,229.)   Decided June 3, 1929.

Bill by Muskegon Trust Company and others
against Oets E. Bousma and others to abate a nui-
sance and reform a deed and contract. From a de-
cree for plaintiffs, defendants appeal. Modified as
to reformation of deed and contract, and affirmed
as to abatement of nuisance.

*Alexander Sutherland,* for plaintiffs.

*Willard G. Turner, Jr. (Raymond J. Engle* and
*R. Burr Cochran,* of counsel), for defendants.

NORTH, C. J.  The Muskegon Trust Company, one
of the plaintiffs herein, holds as trustee title to the
unsold portion of Castenholz Grove Annex located
in the township of Muskegon, Muskegon county,
Michigan. The other plaintiffs are owners of lots in
block 4 of this addition. The defendants Bousma
hold the fee title to lots 26 and 27 of block 4, and the
defendant Arie Doctor is a contract purchaser from
the Bousmas of these lots. The plaintiffs seek to
enjoin the defendants from manufacturing cement
blocks on said lots, and to correct and reform the
deed and contract to purchase this property by in-
cluding therein certain building restrictions. Relief

is sought on the ground that the restrictions "were inadvertently omitted" in conveying these lots, and also on the ground that conducting on these lots the business sought to be enjoined constitutes a nuisance. The circuit judge found plaintiffs were entitled to injunctive relief on both theories. The defendants have appealed.

The restrictions sought to be applied to these lots are as follows:

"1. That no building shall be placed thereon nearer than 20 feet to the front of the lot. 2. Said lot to be used for residence purposes only. 3. That no house shall be erected thereon to cost less than $2,000. 4. That no use shall be made of said lot either by the operation of any offensive business thereon, or by the keeping of pigs, or other animals of like offensive character, nor shall any signs for advertising purposes only be placed thereon."

These restrictions are not embodied in the dedication of the plat of this addition; they are not included in any of the recorded instruments affecting the title to either lot 26 or 27; neither of defendants Bousma nor their immediate predecessor in title had any notice or knowledge of these restrictions when they purchased; it is not claimed the restrictions were intended to apply to this whole addition, but only to certain portions thereof, which include block 4; and these restrictions are not referred to in any way in the chain of title to substantially one-half of the lots in block 4 under which the present owners hold. The record does not contain proof of such a uniform course of development in this addition as would constitute constructive notice of the above-quoted restrictions to the defendants.

"Restrictions in deeds will be construed strictly against the grantors and those claiming to enforce

them, and all doubts resolved in favor of the free use of the property." *Casterton* v. *Plotkin,* 188 Mich. 333.

Restrictions which are not a matter of record and of which a party has neither actual nor constructive notice cannot be enforced against such party. There is no proof in this case which would justify granting the relief sought by way of correcting or reforming the instruments of title through which defendants hold; nor are the plaintiffs entitled to have the restrictions as such enforced.

The remaining question is plaintiffs' right to relief on the ground of an alleged nuisance. This record is unsatisfactory in that it does not disclose the relative location of the restricted and unrestricted or business portions of this addition; nor does the extent or uniformity of residential development in the restricted portions appear. But, it is well established that the proprietor of this plat intended that the block in which defendants' lots are located should be subject to the restrictions noted. The addition was so advertised. The restrictions were embodied in many of the contracts and deeds to purchasers. Other purchasers in whose contracts or deeds no restrictions appeared purchased with the understanding and belief that the lots were restricted and because thereof. Their good faith is indicated by the fact that, subsequent to the beginning of this suit, the owners of the lots in block 4 which were not already expressly subject to the restrictions, entered into an agreement that their respective parcels should be so restricted. At the time Doctor bought there was no development in block 4 other than of a residential character. The plaintiff Cleon Cottrell testified he had lived "next door" to the lots in question for three years. The

witnesses Russell Cloething and Clarence Cloething had occupied their respective homes in the immediate vicinity for three or four years at the time of the hearing. The plaintiff Paul Sifford owned three lots, one of which is adjacent to defendants' property.

As to the character of the business of manufacturing cement blocks sought to be carried on in this community, the defendant Doctor testified:

"The machine is an automatic stamper.   *   *   * Any machine makes noise, but not so bad.   *   *   * Sometimes   *   *   * I left about seven at night. Maybe sometime I did run later than seven; I don't know exactly, but not much after seven."

The following is from Cleon Cottrell's testimony:

"Q. Was this machinery there making any noise? A. It was disturbing us so you couldn't hear anything else. Q. Did it operate at all hours? A. One machine that did the stamping, was very noisy; you could hear it a couple of blocks away, and the cement dust flew all around. My wife did have trouble, yes, sir, with some of that dust getting on the clothes that hung out from the washing. They worked about 14 hours a day, I should judge. Yes, he worked after six o'clock. Q. Did that disturb the children, the noise? A. Disturbed the whole neighborhood."

Another witness (Clarence Cloething) said:

"Yes, I did hear this noise of the machinery that was running. It was very much of an annoyance. Why they run the plant all hours of the day. Yes, and at night."

The testimony above quoted stands undisputed. No claim is made by the defendants that this business will not be detrimental to the neighboring resi-

dential property or that it will not unreasonably interfere with the enjoyment of the homes in this locality, which the circuit judge described in his written opinion as "purely residential." The equities of the case seem to be against the right asserted by the defendants to thus carry on this business in this locality. We are satisfied by the proof that before he signed this contract to purchase Doctor knew that it was claimed that the lots in this block were to be used for residential purposes exclusively, and that those owning the property were objecting to his carrying on his manufacturing business on these lots. From observation he must have known there were no other industrial plants in this neighborhood. Those interested in the development of this addition offered to take Doctor's contract for these lots off his hands and pay him $100 to reimburse him for expenses incurred in moving machinery to these premises. He declined this offer and at first asked $4,000 for a release of his rights in this property for which he had contracted to pay only $700. Later he reduced his demand to $1,800, but there was no apparent justification for demanding even that amount except possibly on the theory that it was legalized extortion. After a careful consideration of this record we are of the opinion that these plaintiffs are entitled to a decree enjoining the defendant Doctor from carrying on the business of manufacturing cement blocks on lots 26 and 27 of block 4 in the manner heretofore employed by him. See *Whittemore* v. *Baxter Laundry Co.*, 181 Mich. 564 (52 L. R. A. [N. S.] 930, Ann. Cas. 1916C, 818); *McMorran* v. *Fitzgerald*, 106 Mich. 649 (58 Am. St. Rep. 511), and *Simon* v. *Detroit Motor Valve Co.*, 233 Mich. 17. The defendants Bousma were not parties to the manufacturing process conducted on

these premises. No claim of that character has been made or established. No injunctive relief should be granted as to the Bousmas, but the dismissal of the bill of complaint as to them will be without costs. The appellees will have costs of this court against the defendant Doctor.

FEAD, FELLOWS, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.